SPENCER T. PARMELEE, Respondent, *v.* THE HOFFMAN FIRE INSURANCE COMPANY, Appellant.

A statement in proofs of loss furnished to an insurance company, tending to show a breach of warranty on the part of the assured, does not conclude the latter from showing that the warranty was not in fact broken.

Defendant issued a policy of insurance upon a stock of piano fortes, contained in a building described therein, which was stated in the policy to be occupied by the assured. A fire having occurred, in the proofs of loss presented was contained a statement that the premises were occupied in part by another, and that there had been no change in the occupancy since the insurance. In an action upon the policy, evidence was offered by the plaintiff to show that at the time of the insurance the assured was in fact the exclusive occupant of the building, which was received under objection. *Held*, no error, that the representation as to the occupancy was a warranty which, if broken, avoided the policy, but that plaintiff was not estopped by the statement in the proofs of loss.

(Argued March 14, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial district, in favor of plaintiff, entered upon an order denying motion on the part of

defendant for a new trial, and .directing judgment upon a verdict.

This action was brought upon a policy of insurance, issued by defendant, under date of October 19th, 1864, to the Parmelee Piano Forte Company, whereby the defendant insured the said company, during one year, against loss by fire, to the amount of $2,500, on their stock of piano fortes, etc., etc., "contained in the three-story and basement brick building occupied by them for the manufacture of piano fortes, and situate at No. 9 Howard street, New Haven, Conn."

The plaintiff subsequently acquired the interest of the assured in the property, and the policy was duly assigned to him, August 1st, 1865, with the consent of the defendant. On the 30th day of August, 1865, the said stock of piano fortes, etc., was damaged and in part destroyed by fire, and the loss sustained exceeded the insurance.

The proofs of loss contained this clause:

"The occupations and occupants of the premises in its several parts being as follows:

"In part by the Lindsay Fire Arms Co., and the insured, and for no other purpose whatever.

"Origin of the fire, the overflowing of a pan of Japan in an adjoining building, occupied by the Lindsay Fire Arms Co.

"There was no change in the occupancy of the premises since the insurance was effected, or if there was any change it was as follows:" (No change was thereafter stated.)

Upon the trial, after the proofs of loss had been given in evidence, plaintiff offered to prove that the building was in fact occupied exclusively by the assured at the time of the insurance. Defendant objected upon the ground that it appeared by the preliminary proofs that such was not the fact, and that such proofs were conclusive against the plaintiff. The objection was overruled, and the defendant excepted.

It appeared that No. 9 Howard Street was a three-story brick building, that at the time the insurance was effected it was occupied exclusively by the assured, that in the rear and adjoining, with one opening communicating, was a one-story

addition or "L." opening on an alley. This was unoccupied at the time of the insurance; it was subsequently occupied by the Lindsay Fire Arms Co.

The court directed a verdict for plaintiff. Exceptions were ordered to be heard at first instance at General Term.

*Wheeler H. Peckham* for the appellant. The motion to dismiss should have been granted, because the statement in the proofs of loss shows a breach of the warranty as to occupancy contained in the policy. (*Wall* v. *E. R. Ins. Co.*, 3 Seld., 370; 2 Smith's Lead. Cases, 638, and cases cited.) It was error to receive evidence to contradict the statement in the proofs of loss as to occupancy. (*Campbell* v. *Charter Oak Ins. Co.*, 10 Al. [Mass.], 213.) The court erred in not charging the jury that the fact that the rear part of the building was not occupied by the assured when the policy was issued, was a breach of warranty. (*Chase* v. *Ham. Ins. Co.*, 20 N. Y., 54, 57, 58.) Defendant had a right to go to the jury on the question of fraudulent representation or concealment. (*Carter* v. *Boehm*, 3 Bur., 1905; 2 Eng. C. L. R., 302; Angell on Ins., §§ 175, 318; *Stetson* v. *Mass. Ins. Co.*, 4 Mass., 340; Angell on F. Ins., § 154, note 1; *Walden* v. *La. Ins. Co.*, 12 La., 134; *Lyon* v. *Com. Ins. Co.*, 2 Rob. [La.], 266; *N. Y. B. Ins. Co.* v. *N. Y. Ins. Co.*, 17 Wend., 359; *Bufe* v. *Turner*, 1 Marsh, 46; 6 Taunt., 338; *Clark* v. *Manuf. Ins. Co.*, 8 How., 250; *Livingston* v. *Md. Ins. Co.*, 6 Cranch, 274.)

*Charles F. Sanford* for the respondent. The words "occupied by the assured" in the policy did not import an executory agreement that such occupancy should continue to be exclusive. (3 Kent's Com., 373, 374; *O'Neil* v. *Buff. F. Ins. Co.*, 3 Coms., 122; *Catlin* v. *Springfield Ins. Co.*, 1 Sumn., 435; *Stebbins* v. *Globe Ins. Co.*, 2 Hall, 632; *Smith* v. *M. and T. Ins. Co.*, 29 How. Pr., 384; *Gates* v. *Mad. Co. Mut. Ins. Co.*, 5 N. Y., 469; *Carter* v. *Humbolt Ins. Co.*, 17 Iowa, 456.) The preliminary proofs were only admissible in evidence to show a compliance with the conditions of

the policy. (*Pacific Ins. Co.* v. *Catlett*, 4 Wend., 75, 83; *Howard* v. *City F. Ins. Co.*, 4 Den., 502; *Sexton* v. *Mont. Co. Mut. Ins. Co.*, 9 Barb., 191.)  Plaintiff was not estopped by the statements in the proofs of loss from introducing evidence to explain that the warranty of the policy was not in fact broken.  (*Dezell* v. *Odell*, 3 Hill, 215; *Brown* v. *Bowen*, 30 N. Y., 519; *Plumb* v. *Cat. Ins. Co.*, 18 id., 392; *Jewett* v. *Miller*, 10 id., 402; *Ryers* v. *Farwell*, 9 Barb., 615; *Betts* v. *Franklin Ins. Co.*, Taney, 171.)

Reynolds, C.   The insurance was upon a stock of piano fortes etc., "contained in the three story and basement brick building, occupied by the assured for the manufacture of piano fortes, and situate No. 9 Howard street, New Haven." When the insurance was effected it was represented that the premises were wholly occupied by the assured, and it seems to have been shown at the trial that such was the fact.  The representation as to the occupation of the building was unquestionably a warranty and was so held on the trial, and if broken, avoided the policy.  The only pretence that it was broken, grows out of a statement in the proofs of loss, furnished by the plaintiff after the fire, stating that, "the premises were occupied in part by the Lindsay Fire Arms Co., and the insured, and for no other purpose whatever; the origin of the fire was the overflowing of a pan of Japan in an *adjoining* building occupied by the Lindsay Fire Arms Co.  There was no change in the occupancy of the premises since the insurance was effected, or if there was any, it was:"

It is claimed, on the part of the defendant, that this statement in the proofs of loss, affords conclusive evidence against the plaintiff that the warranty as to the occupation of the premises at the time of the insurance was broken, and for this reason evidence to show exactly how the fact of occupancy was, at the time of the insurance, was objected to by the defendant and we think the objection was very properly overruled.  It is too clear for argument, that there was no estoppel, and I do not think the statements in the proofs of loss bear any such construction as

is contended for by the defendant. But however that may be, it was at most a question for the jury, and the evidence of the plaintiff made the fact of occupancy so clear, that the learned counsel for the defendant did not ask that it be submitted to the jury. I have been unable to perceive, that the occupancy of the addition or "L," as it is named, has anything to do with the case, as I gather from the testimony it was an adjoining building of one story not on Howard street, but to which there was access through an alley from Orange street, in the city of New Haven. The property insured was in a three story brick building on Howard street, and there is no question but that the manufacture of piano fortes insured against, was conducted in that building, and the assured was in fact the tenant of the Lindsay Arms Co., who were owners of the entire property. I am not able to discover any defect in the plaintiff's title, or error in directing a verdict for the plaintiff, and the judgment of the Supreme Court should be affirmed with costs.

All concur.

Judgment affirmed.