By the Court.—Curtis, Ch. J.
The proofs of death showed a discrepancy of one year, making the insured one year older than he was stated to be in the original application. This discrepancy was proved at the trial to have been caused by an error of one year in the computation by the person who prepared the proofs of loss, and not to have resulted from any error in the original application. There was no conflicting evidence on this point.
The court charged that the company had a right to *261 insist and stipulate, that true answers should be made in the original application, and that if the answer in respect to the age of the applicant is untrue, the plaintiff was not entitled to recover anything. That they were to determine if there was this error in the original application, and if so, to find for the defendants; but if they .found that it occurred in making up the proofs of death, and believed the testimony and explanation testified to by the person making up such proofs, they should find for the plaintiff. There were no exceptions to the charge.
The only point submitted by the defendants on the appeal is, that the court erred in admitting evidence, that the statement of age in the proofs of death was an error. The case of Irving v. Excelsior Fire Ins. Co., 1 Bosw. 507, is cited to show that an estoppel in pais is applicable to the facts of this case ; but it is conceded that this decision is perhaps to some extent overruled in McMaster v. Prest., &c. of Ins. Co. of N. America, 55 N. Y. 222. In the latter case it was held, that the proofs of loss did not create the liability to pay the loss, and that the insured was not estopped from showing that a statement in the proofs of loss was made by mistake. This view was sustained in Parmlee v. Hoffman Ins. Co., 54 N. Y. 193. It is apparent that as the declaration of age in the proofs of death in the case in question, did not mislead or injure the defendant, or was calculated so to do, or to lead the defendant to do or omit to do anything by which it would be prejudiced by a denial of the declaration, that the basis for an estoppel in pais does not exist.
Judgment appealed from should be affirmed with costs.
Sedgwick and Speir, JJ., concurred,