(8 Misc. Rep. 613.)

### WHITE v. ROYAL INS. CO.

(City Court of Brooklyn, General Term. May 28, 1894)

INSURANCE—PROOF OF LOSS—ESTOPPEL.

A statement in the proofs of loss made on information and belief, as to the cause of fire, as required by the policy, does not estop the assured, in an action on the policy, to contradict or explain a mistake of his informant.

Appeal from trial term.

Action by Henry E. White against the Royal Insurance Company on a fire insurance policy. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

Shipman, Larocque & Choate, for appellant.
James L. Philip, for respondent.

VAN WYCK, J. This was an action to recover on a fire insurance policy. The jury rendered a verdict for plaintiff, and from the judgment entered thereupon, and from the order denying motion for a new trial, this appeal is taken.

The action was defended on two grounds: First, that the plaintiff had omitted to protect the property at and after the fire. An examination of the testimony satisfies us that this question was properly submitted to the jury, and their decision thereupon should not be disturbed.

The second ground was that the policy had become void by the use of benzine on the premises. This defense presents the serious question in the case, for the policy contains a clause that it shall be void if benzine be kept, used, or allowed on the premises. It also provided that, in case of fire, the insured should furnish proofs of loss signed and sworn to by him, which must state his knowledge and belief as to the origin of the fire. The assured, in compliance with this provision, duly presented such statement, signed and verified by him, in which he states his belief as to the origin of the fire to be that he was informed that while his wife was cleaning clothes with benzine it accidentally turned over and caught fire. On the trial, testimony was offered and admitted, subject to defendant's objection and exception, to show that it was not benzine which his wife was using at the time of the fire. The defendant now insists that it was error to allow plaintiff to contradict on the trial his statement in the proof of loss of his belief on information that it was benzine. Defendant did not claim surprise, but that it was incompetent, irrelevant, and immaterial. Defendant contends that the proofs concluded plaintiff on this question from contradicting or explaining the mistake of his informant, and relies for this position on Campbell v. Insurance Co., 10 Allen, 213, and Irving v. Insurance Co., 1 Bosw. 507. In Parmelee v. Insurance Co., 54 N. Y. 193, the court refused to follow these authorities, though they were pressed upon the attention of the court by the counsel for the defendant therein. In McMaster v. Insurance Co., 55 N. Y. 223, Judge Folger, writing the opinion, expressly dissents from the rule laid down in those two cases, and forcibly argues that all the elements of an estoppel in pais are lacking, in that defendant has not been misled to his damage, and tersely states the reason that courts disfavor the forfeiture of a contract solely on the ground of an estoppel in pais to be that "the law loves that the truth come to light; but an estoppel hides it. It is permitted to do so only that a fraud shall

not be wrought." To hold in the case at bar that the plaintiff's frank statement of his belief, in accordance with the requirement of the policy, concluded him from showing that it was a mistaken belief, founded upon an erroneous statement of another, would not only hide the truth, but help a fraud.  The defendant could not be injured by the correction of this mistake on the trial, except it was taken by surprisè, and caught unprepared; but nothing of the kind was claimed at the trial.  This case differs from those pressed upon our attention by appellant, for in those cases the actual facts were required to be set forth in the proofs, whereas in this case only the belief as to what the facts are has been called for. In this respect it can be distinguished from all the cases at all favorable to the appellant's contention.  De Grove v. Insurance Co., 61 N. Y. 594, simply holds that plaintiff cannot recover more than he files a claim for under proof of loss.  The court certainly did not intend to overrule Parmelee v. Insurance Co., 54 N. Y. 193, and McMaster v. Insurance Co., 55 N. Y. 223, without referring to them in the opinion.  It seems to us that the ruling of the trial court complained of is fully sustained by the authorities above cited for that purpose, and by Cummins v. Insurance Co., 67 N. Y. 260; Hayes v. Assurance Co., 44 U. C. (Q. B.) 360; Insurance Co. v. Schwenk, 94 U. S. 593; Roby v. Insurance Co., 11 N. Y. St. Rep. 94; May, Ins. (3d Ed.) § 425, p. 981, and section 465, p. 1070, note 6.  We also think the evidence fully sustains the verdict on both defenses.  Judgment and order affirmed, with costs.