THE NATIONAL LIFE ASSOCIATION of Hartford, Connecticut, Respondent, v. HARRIET E. STURTEVANT, Appellant; JENNIE C. MINOR and Others, Respondents.

*Life insurance — proofs of death — prima facie evidence only.*

The proofs of death, furnished to an insurer by the beneficiaries of the assured, are *prima facie* evidence, so far as the persons making the same are concerned, of the facts stated therein ; they are not, however, conclusive evidence, and if a mistake has been made in such proofs it is proper that the same should be corrected or explained by parol testimony given upon the trial of an action brought to determine the liability of the insurer, and the rights of the beneficiaries of the assured under the policy of insurance.

APPEAL by the defendant Harriet E. Sturtevant from portions of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 4th day of August, 1893, upon the report of a referee.

*Wile & Goff*, for the appellant.

*W. A. Sutherland*, for the plaintiff, respondent.

*H. Greenfield*, for the defendants Jennie C. and John Minor, respondents.

HAIGHT, J. :

This action was brought by the plaintiff for the purpose of obtaining the direction of the court as to the distribution among the defendants of the funds in its hands.

It appears that the Mutual Relief Society of Rochester, N. Y., was a domestic corporation organized under the statute of the State and did business as a mutual benefit association ; that on the 15th day of June, 1892, it became embarrassed, and under an arrangement with the plaintiff transferred its assets and business to the plaintiff, who agreed to receive payments of assessments then outstanding which had been issued by the Mutual Relief Society, and distribute the same to the parties entitled thereto.

It further appears that on the 1st day of June, 1892, the Mutual Relief Society had issued its assessment upon its members for the

payment of six death claims, among which was one on account of the death of Mary J. Carpenter and another on account of the death of A. G. Sturtevant, upon which assessment there was received the sum of $8,636.08. That, thereafter, an additional assessment was made, upon which there was received the sum of $755, which sums were not sufficient to pay the claims in full.

It further appears that before the commencement of this action, the defendant Harriet E. Sturtevant, who is the beneficiary named in the certificate issued to A. G. Sturtevant, served a notice upon the plaintiff to the effect that she contested the right of the beneficiaries under the certificate issued to Mary J. Carpenter, to receive any of the avails of the assessment or of the funds in the hands of the plaintiff, and demanded that her *pro rata* share thereof be paid over to her. On the other hand, the defendants Jennie C. Minor and John Minor demanded that the amount derived from the assessment on account of the claim of Mary J. Carpenter be paid over to them, they being the beneficiaries named in her certificate.

It further appears that Mary J. Carpenter applied for membership in the Mutual Relief Society on the 30th day of July, 1880, and in her application therefor stated that she was born November 17, 1820 ; that she died on the 21st day of September, 1891, and that in the proofs of death furnished her birth is stated to have occurred on the 17th day of November, 1818 ; that under the by-laws of the society persons who had passed their sixtieth birthday were ineligible to membership, from which it is claimed that Mary J. Carpenter, in stating in her application that she was born on the 17th day of November, 1820, thus making herself at that time but fifty-nine years of age, practiced a fraud upon the association which rendered void the certificate issued to her.

Upon the trial it appeared that the respondents Jennie C. and John Minor, in making their proofs of death, left blank the date of birth of Mary J. Carpenter ; that some days after the same had been signed and sworn to by them the date was filled in without their authority or consent by one Putnam, who had charge of the paper.

We think this evidence was competent. It may be that the proofs of death became *prima facie* evidence, so far as the Minors were concerned, of the facts stated therein, but we do not under-

stand that they were conclusive evidence. If a mistake had been made it was proper that it should be corrected or explained, and this they did in their testimony given on the trial. (Wood on Insurance, § 427; *McMaster* v. *Ins. Co. of North America*, 55 N. Y. 222.)

We are thus brought to a consideration of the paper offered as the family register. It appears from the testimony that one James Simpson, who was a son of Mrs. Carpenter, had in his possession a paper with an old-fashioned engraving on it with lines and blank space for names, dates of birth, marriage and death; that it had upon it a number of names, among which was that of Mary Jane Hill, which was the maiden name of Mrs. Carpenter, and in the column headed date of birth was entered, opposite her name, November 17, 1818. This paper was not produced upon the trial, but it appears that it was found among the papers of Simpson and his mother, and that it had been among their papers for a good many years; that it was not known who wrote the paper; that it was not in her handwriting, but it all appeared to be written in the same handwriting, at one time and in the same ink. Was this paper evidence as to her date of birth? 1 Greenleaf on Evidence (§ 105), in speaking upon the subject of the proof of facts of birth, marriages and death, says: "Inscriptions on tombstones and other funeral monuments, engravings on rings, inscriptions on family portraits, charts or pedigree, and the like, are also admissible as original evidence of the same facts. Those which are proved to have been made by or under the direction of the deceased are admitted as his declarations. But if they have been publicly exhibited and were well known to the family, the publicity of them supplies the defect of proof in not showing that they were declarations of deceased members of the family, and they are admitted on the ground of tacit and common assent."

It will be observed that the paper does not purport to contain original entries; for, if the events were entered thereon at the time of their occurrence, they, of necessity, would have been entered at different times with different pens and ink. The fact that the paper appears to have been written in the same handwriting, at one time and in the same ink, would indicate that at most it was but a copy. It does not appear that Mrs. Carpenter ever publicly exhibited this paper as containing her family record, or that it was made by her

or a deceased relative of hers. It does not distinctly appear that it was a paper belonging to her. The only evidence upon that subject appears in the testimony of Simpson, in which he states that it was found "among her papers and mine."

For these reasons, we are of the opinion that it does not come within the rule making it admissible as evidence, and without this, the appellant has failed to produce any evidence impeaching the statements made by Mrs. Carpenter in her application for membership.

This view renders it unnecessary to consider the other questions discussed, or the question whether the appellant would be entitled to share in the fund derived from the assessment upon the claim of Mrs. Carpenter, if it had been obtained through a fraud practiced by her upon the members of the association.

The judgment appealed from should be affirmed, with costs against the appellant.

DWIGHT, P. J., and LEWIS, J., concurred; BRADLEY, J., not sitting.

Judgment appealed from affirmed, with costs against the appellant.