JOHN A. SCHMITT, Respondent, v. THE NATIONAL LIFE ASSOCIATION, Appellant.

*Answer — new defense not admitted by amendment upon the trial — life insurance policy — mistake in the age of the assured — proofs of death, how far evidence.*

*Semble,* that an answer which does not conform to the proofs should not be amended upon the trial, where the amendment would set up a new defense first interposed after the evidence was all in. Such an amendment is not authorized by the provisions of section 723 of the Code of Civil Procedure.

Upon the trial of an action brought upon two life insurance policies, it was shown that in the application the assured represented and warranted that he was born on January 31, 1842, while the proofs of death made and verified by the plaintiff, which he introduced in evidence on the trial, showed that the assured was in fact born on January 30, 1841.

*Held,* that such answers contained in the application were warranties and were material to the risk;

That, under such circumstances, the defendant's motion to dismiss the complaint should have been granted;

That while the plaintiff was not estopped by the proofs from showing the true age of the deceased, and while he could have shown a mistake therein, yet in the absence of any explanation or other evidence, the statement in the proofs as to the age of deceased should be deemed to establish the fact so stated.

APPEAL by the defendant, The National Life Association, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Fulton on the 8th day of March, 1894, upon the verdict of a jury rendered after a trial at the Fulton Circuit, and also from an order of the Supreme Court, made at the Fulton Circuit on the 23d day of February, 1894, granting the plaintiff's motion for an extra allowance, and also from an order entered in said clerk's office on the 8th day of March, 1894,

denying the defendant's motion for a new trial made upon the minutes.

The action was brought upon two policies of life insurance issued by the defendant upon the life of one Louis Schmitt.

- *W. A. Sutherland,* for the appellant.

- *Clark L. Jordan,* for the respondent.

PUTNAM, J.:

On the trial of this case, after the evidence was closed, the defendant's counsel moved that the answer of the defendant be amended to conform to the proofs in the case in regard to the age of the assured, the proofs of death showing without contradiction that the assured was born in 1841, while the application for insurance stated that he was born in 1842. No objection appears to have been made to this application and it was granted by the court, and the answer was amended by inserting at the end thereof the following clause: " That in and by the terms of the said application to the said Mutual Relief Society, of Rochester, N. Y., and in and by the terms of the said application to this defendant, the said Louis Schmitt-stated, represented and warranted, that he was born on the 31st day of January, 1842, whereas, in truth and in fact the said Louis Schmitt was born on the 30th day of January, 1841."

Had plaintiff objected to the amendment it probably would not have been allowed by the learned trial court. It sets up a new defense, first interposed after the evidence was all in, and was not authorized by the provisions of section 723 of the Code of Civil Procedure. That section authorizes the court to conform the pleadings to the facts proved where the amendment does not change substantially the claim or defense. The amendment in question allowed the interposition of an entirely new defense.

If the court possessed the power to allow such an amendment after the evidence was in the impropriety of such an allowance is apparent. The proofs of death were not conclusive on plaintiff as to the age of assured. He could have shown the real age of deceased and that the statement in the proofs in that regard was erroneous. (*Nat. Life Assn.* v. *Sturtevant,* 78 Hun, 572 ; *McMas-*

ter v. *Pres., etc., Ins. Co. of North America,* 55 N. Y. 222; *Cummins* v. *Agricultural Ins. Co.,* 67 id. 261.)

But while the evidence was being taken on the trial plaintiff had not been called upon to offer any evidence on the question of the age of the insured. There was no issue in that regard.

Hence, had plaintiff interposed an objection the court below doubtless would not have sanctioned the amendment in question.

But, having allowed the amendment, we are of the opinion that the court should have also granted the defendant's motion for judgment, on the ground that it appeared that there was a plain breach of warranty as to the age of the assured.

In the application the assured represented that he was born on the 31st day of January, 1842, while the proofs of death show that he was born, in fact, on the 30th day of January, 1841. In other words, by the proofs made and verified by plaintiff, and which he introduced in evidence on the trial, it was shown that in the application for insurance the assured in answer to questions asked of him, had represented and warranted himself as one year younger than he really was. Such answers were warranties, and will be regarded as material to the risk. (*Dwight et al.* v. *Germania Life Ins. Co.,* 103 N. Y. 341; *Boland* v. *Industrial Benefit Assn.,* 74 Hun, 385.)

Such being the case, and as it appeared by the proofs of death made by the plaintiff and, as above stated, by him introduced in evidence, that the assured in his application to the company had misstated his age one year, the court, we think, should have granted defendant's motion.

While, as we have seen, the plaintiff was not estopped by the proofs from showing the true age of the deceased, and while he could have shown a mistake therein, yet, in the absence of any explanation or other evidence, the statement in the proofs as to the age of deceased should be deemed to establish the fact so stated. DANIELS, J., in *Kabok* v. *Phœnix Mut. L. Ins. Co.* (21 N. Y. St. Repr. at p. 205), says: " But the fact did appear by the statement of the plaintiff herself, which was verified on the 24th of August, 1886, and made a part of the proof of death, that the person whose life was insured was born on the 10th of June, 1853. And no denial or explanation avoiding the effect of this admission was made upon the trial. And that did establish the fact to be that the statement con-

tained in the application concerning the time of birth and the age of this person was untruthfully given." We concur in the view so stated by the learned justice as to the effect of a proof of death made by a plaintiff in such a case. (See, also, *Neill* v. *American Popular Life Ins. Co.* (10 J. & S. 259); *Nat. Life Assn.* v. *Sturtevant* ('78 Hun, 572); *Parmelee* v. *Hoffman Fire Ins. Co.* (54 N. Y. 193).

We, therefore, conclude that the judgment should be reversed, a new trial granted, costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed, and a new trial ordered, costs to abide the event.