(13 Misc. Rep. 266.)

PROPPE v. METROPOLITAN LIFE INS. CO.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. LIFE INSURANCE—BREACH OF CONDITION—EVIDENCE.

In an action on a life insurance policy, the defense was breach of condition in falsely representing that insured had never suffered from certain diseases. The physician's certificate in the proofs of death stated that deceased was afflicted with heart disease, and had been ill for about one year when the physician was called to attend him. *Held*, that the inference from such statements was that insured died of heart disease, and that he had been afflicted with it for a year before his death.

**2. SAME—TESTIMONY OF PHYSICIAN—PRIVILEGE.**
   Where the beneficiary in a life insurance policy submits the certificate
   of the attending physician, with proofs of death, she cannot afterwards,
   in an action on the policy, object that the physician's statements are
   privileged, and therefore did not bind her.

Appeal from First district court.

Action by Kathrina Proppe against the Metropolitan Life Insurance Company on a policy of insurance. Judgment was rendered in favor of plaintiff, and defendant appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

C. N. Bovee, Jr., for appellant.
Patrick H. Loftus, for respondent.

BOOKSTAVER, J. The action was brought upon a policy of insurance, and the defense was a breach of the conditions of the policy. By its terms the appellant agreed to pay the insurance subject to the conditions therein contained, and provided that the company should pay to one of the persons described in the second condition, "upon receipt of proofs made in the manner and to the extent and upon the blanks required by condition sixth, of the death of said insured, within twenty years from the date hereof," etc. It also provided that it was issued "upon the express understanding that no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health." The first condition contained the following provision:

"This form of policy is issued upon an application which omits the warranty usually contained in applications, and the policy contains the entire agreement between the company and the insured to the holder and owner thereof; and its terms cannot be changed nor its conditions varied except by a written agreement," etc.

The third condition provided as follows:

"Unless otherwise stated in the blank space below in a waiver signed by the secretary, this policy is void if the insured, before its date, has been rejected for insurance by a physician for any serious disease or complaint, or has had before said date any pulmonary disease or chronic bronchitis or cancer or disease of the heart, liver, or kidneys, or if before said date any parent or brother or sister of insured have died of any pulmonary disease or bronchitis or any scrofulous disease."

The sixth condition provided that:

"Proofs of death under this policy shall be made upon blanks to be furnished by the company, and the proofs shall contain answers to each and every question propounded in said blanks to the claimant, physicians, and all other persons to whom such questions shall be propounded, and shall further contain the record, evidence and verdict of any coroner's inquest, if one shall be held. All the contents of such proofs of death shall be evidence of the facts therein stated in behalf of, but not against, the company."

The policy was dated October 15, 1894, and the insured died on the 15th of January, 1895. The evidence shows that proofs of death were submitted to the company upon the forms prescribed by it. The physician's certificate, in answer to question 8, certified that the chief or primary cause of death was oedem. pulmon., and that the contributory or secondary cause of death was heart disease; and, in answer to question 10 propounded to him, the phy-

sician certified that the deceased had been ill for about one year when he was called to attend him. The twelfth question propounded to the physician was as follows: "Was deceased afflicted with any infirmity, deformity, or chronic disease? If so, please specify." In answer thereto he stated, "Heart disease." After answering these questions, the physician certified that he attended the deceased from December 17, 1894, to January 15, 1895. The respondent, in her statement of claim, filed with the company, stated as follows in answer to question 3, as to the cause of death: "See doctor's statement;" and in answer to question 14, as to what sickness previous to the last one deceased had had, she stated that he had a fractured ankle three years before. It will thus be seen that the respondent made as a part of her statement the statements and answers made by the physician, and from these statements it is clear that there was a breach of the condition of the policy; for as it was issued on the 15th of October, 1894, and the insured died of heart disease January 15, 1895, only three months after the date of its issue, and the duration of deceased's illness was one year, he could not have been in sound health at the time the policy was issued.

Respondent, however, contends that the answer of the physician did not imply that the deceased suffered from heart disease during all that time; but we think a careful consideration of the evidence does not support such a contention. Only one inference can be drawn from it, and that is that the insured died of heart disease, and that he had been afflicted with that disease for a year before his death.

Respondent also contends that the statement of the physician does not bind the claimant on the ground that it is privileged, under the statute. The proofs of death, however, were submitted by the respondent, and thereby their contents were made evidence of the facts therein stated. She could not offer such evidence for a part only of what the statement contained, but the whole became evidence. Besides, by an express clause of the policy, the contents of such proofs of death were made evidence of the facts therein stated. This condition of the contract, we think, is not only a waiver of privilege on the part of the deceased, but it is an agreement and condition binding upon the plaintiff. She cannot claim the benefit of the contract, and sue to enforce it, without accepting and abiding by its provisions. In the case of Association v. Sturtevant, 78 Hun, 572, 29 N. Y. Supp. 529, it was held that proofs of death furnished to an insurance company by the beneficiaries of the insurance are prima facie evidence against the persons furnishing the same, and that, when no evidence is given (as in this case) to contradict these proofs, they are conclusive. So, in Schmitt v. Association, 84 Hun, 128, 32 N. Y. Supp. 513, where the facts were similar to those under consideration, it was held that, in the absence of any explanation or other evidence, the statements shall be deemed to establish the facts so stated. . The evidence of the physician's certificate being admissible, conclusive, and uncontradicted, the court below had no course but to hold that liability never at-

tached upon the policy of insurance.    Volker v. Insurance Co., 1 Misc. Rep. 374, 21 N. Y. Supp. 456.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.