### BOWEN v. PREFERRED ACC. INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. LIFE INSURANCE—AGE OF INSURED—EVIDENCE.

In an action on a life policy, an affidavit purporting to have been made by the father of the insured as to his age was incompetent for the purpose of proving such age.

2. SAME—FALSE WARRANTY—EVIDENCE—SUBMISSION TO JURY.

In an action on a life policy, defendant set up a false warranty by insured as to his age. Defendant's proof consisted, in the main, of the depositions of two sisters of insured that he was born in a certain year. Neither of them was born until several years after deceased, or had any document or record to fortify their memory; neither gave the date of his birth more accurately than the statement of the year; and neither had lived with or seen him, so far as appeared, during the last 44 years of his life. At the time he left home they were children 14 and 16 years of age, respectively. *Held* not to conclusively prove a false warranty, as a matter of law, and the question was for the jury.

**8. SAME—PROOF OF DEATH—MISTAKE AS TO AGE.**
A statement made and verified by plaintiff, in the proofs of death, as to the age of the insured, would not be conclusive on her.

**4. SAME—LIMITATION BY PROVISION OF POLICY—WAIVER.**
In an action on a life policy, there was no express proof of when the proofs of death were received, but the question of liability on the policy appeared to have been under negotiation during the greater part of the period intervening their receipt and the commencement of the action, with reasonable promise of an amicable adjustment. More than six months after the alleged date of their receipt, defendant's attorney wrote plaintiff's attorney, then about to leave New York pending the negotiations, saying, "Of course the matter can remain until you return, but it seems to me there should be no difficulty in the way of our arriving at an understanding as to the merits of the claim." *Held*, that the question whether defendant had waived the clause in the policy requiring actions thereon to be commenced within six months after receipt of proofs of death was properly submitted.

Appeal from Trial Term, Kings County.

Action by Frances M. Bowen against the Preferred Accident Insurance Company of New York. From a judgment in favor of plaintiff, and from an order denying defendant a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William G. Wilson (Hamilton Wallis, on the brief), for appellant.
Edmund F. Driggs, for respondent.

HIRSCHBERG, J. The plaintiff has recovered a judgment upon a policy of accident insurance issued upon her husband's life. He died by accident on August 14, 1895. Two defenses were litigated—one, that the insured falsely warranted his age at his nearest birthday to be 60 years at the time that he applied for the policy, his written application having been accepted by the defendant on June 20, 1893, but the date on which it was made not appearing in the record; and the other that the action, which was presumably commenced on or after August 13, 1896, as the summons is dated on that day, was commenced more than 6 months after the date when the defendant received the proofs of death, which date is assumed to be September 13, 1895, because such proofs contain the statement, "proofs received at home office" on that day. Either defense, if sufficiently established, would avoid the policy. The case was submitted to the jury in a charge to which no exception was taken, and the only questions for review relate to an exception taken to the exclusion of evidence, and exceptions taken to the refusal of the court to dismiss the complaint or to direct a verdict in favor of the defendant.

The plaintiff obtained a verdict once before, but the judgment entered upon it was reversed because of the admission of hearsay evidence of the age of the insured, in the form of a letter written by a deceased brother. Bowen v. Preferred Accident Ins. Co., 68 App. Div. 342, 74 N. Y. Supp. 101. It was held that such evidence was incompetent for the purpose of proving age, notwithstanding the rule of admissibility in case of disputed pedigree. The reasoning

of the opinion of Mr. Justice Jenks on that appeal, and the cases
cited by him, are conclusive in favor of the ruling upon the evidence
on the second trial. The rejected proof was an affidavit purporting
to have been made by the father of the deceased in the state of Ohio
in the year 1852. The only authority cited by the learned counsel
for the appellant to sustain the exception is Matter of Seabury, 1 App.
Div. 231, 37 N. Y. Supp. 308; but that case has no application, as it
also related solely to a matter of pedigree, and to the acceptance of
declarations of deceased persons connected by blood or marriage with
the family of the person whose pedigree was under investigation.

Assuming that the record established a warranty by the insured
that his age on June 20, 1893, was 60 years at his then nearest
birthday, I think that the question of its truth or falsity was prop-
erly submitted to the jury. The burden of proof was on the defend-
ant, and the evidence furnished, if competent, was not conclusive.
It consisted, in the main, in the evidence of two sisters of the insured,
taken by deposition in the state of Oregon, and who assert that he
was born in the year 1831. Neither of them was born until sev-
eral years after the insured, neither has any document or record to
fortify her memory, neither gives the date of his birth more accu-
rately than the statement of the year, and neither had lived with him
or ever seen him, so far as appears, during the last 44 years of his
life. When he left home to go to college they were children of the
age of 14 and 16 years, respectively; and, never having lived or asso-
ciated with him afterwards, it is obvious that their general recollection
of what they may have been told of his age lacks, after the lapse
of so many years of separation, most, if not all, of the elements
which give to this kind of proof such value as is assumed to jus-
tify its acceptance. In convincing force, it is little, if at all, su-
perior to the chance memory of strangers who may have associated
with the insured in childhood, and who, with no motive inspiring
the retention of an accurate recollection, should venture after many
years of absence to state with precision his reputed age in the early
days of their companionship. It cannot be that the court was
obliged, as matter of law, to rule that these depositions conclusively
proved a false warranty. The insured had no motive to understate
his age. It is not pretended that it would either secure the ac-
ceptance of his application for accident insurance, or procure for
him the desired insurance at a less premium. It may therefore be
assumed that in stating his age at 60 years he acted in good faith
upon his own belief, and it is a reasonable conclusion that the mere
belief of his younger sisters that he was two years older, unsupported
by any controlling means of knowledge, does not in itself neces-
sarily establish, under the circumstances, that he was in fact guilty
of a purposeless, but fatal, misrepresentation.

Accompanying the proofs of death is a certificate made by a reg-
istrar in the state of Connecticut, where the insured was killed, which
is dated September 12, 1895, and which states the age of the in-
sured as 65 years. The plaintiff, in the proofs of death, verified the
statements contained in the accompanying affidavits, but did not
verify or expressly adopt this statement of the Connecticut official.

The case therefore differs in this respect from the case of Kabok v. The Phœnix Mut. L. Ins. Co. (Sup.) 4 N. Y. Supp. 718, and the case of Schmitt v. Nat. Life Association, 84 Hun, 128, 32 N. Y. Supp. 513, and the cases therein cited. And it is well settled that a statement made and verified by the plaintiff in the proofs of death as to the age of the insured would not be conclusive. National Life Ass'n v. Sturtevent, 78 Hun, 572, 29 N. Y. Supp. 529; Neil v. American Popular Life Ins. Co., 10 Jones & S. 259; Parmelee v. Hoffman Fire Ins. Co., 54 N. Y. 193; McMaster v. President, etc., Ins. Co. of N. A., 55 N. Y. 222, 14 Am. Rep. 239.

As to the short limitation of action contained in the policy, I am equally clear that the facts justified a submission to the jury of the question of waiver, and support their finding thereon adverse to the appellant. As I have suggested, there is no express proof of when the proofs were furnished; but, assuming the date to have been as recited, the questions of liability upon the policy and of the validity of the plaintiff's claim appear to have been under consultation and negotiation during the greater part of the period intervening such receipt of the proofs and the commencement of the action, with reasonable promise of an amicable adjustment; and as late as April 25, 1896, the counsel for the defendant wrote to the plaintiff's attorney, then about to leave New York pending the negotiations, saying, "Of course the matter can remain until you return, but it seems to me that there should be no difficulty in the way of our arriving at an understanding as to the merits of the claim." This was more than six months after the alleged date of the receipt of the proofs of death, and would seem to be inconsistent with the intention to assert that the claim whose merits were still under advisement had been lost by the length of time devoted by the parties to its consideration. Ames v. N. Y. Union Ins. Co., 14 N. Y. 253; Goodwin v. Massachusetts Mut. Life Ins. Co., 73 N. Y. 480; Prentice v. Knickerbocker Life Ins. Co., 77 N. Y. 483, 33 Am. Rep. 651; Carpenter v. G. A. Ins. Co., 135 N. Y. 298, 31 N. E. 1015; Sergent v. Liverpool & L. & Globe Ins. Co., 155 N. Y. 349, 49 N. E. 935; 2 May on Insurance, § 488. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.