FRANCES M. BOWEN, Respondent, *v.* THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK, Appellant.

*Accident insurance — defense of false statement as to age — competency of an affidavit made by the insured's father — conclusiveness of a deposition by his sisters — of a certificate of an officer of the State where he died, accompanied by an affidavit of the plaintiff and proofs of death — waiver of a provision as to the time for bringing suit.*

In an action upon a policy of accident insurance, in which the defendant interposes the claim that the decedent falsely warranted his age, an affidavit purporting to have been made by the decedent's father in the State of Ohio forty-three years before the decedent's death, is not competent in support of the defendant's contention.

The depositions of two sisters of the insured, to the effect that the insured was two years older than the age given by him in his application for the policy, do not conclusively establish the breach of warranty, where it appears that neither of the two sisters was born until several years after the insured; that neither of them had any document or record to fortify her memory; that neither of them gave the date of his birth more accurately than the statement of the year; that the insured left home when they were children, aged fourteen and sixteen years respectively, and that neither of them had lived with the insured or even seen him during the last forty-four years of his life, particularly when it also appears that the insured had no motive in misrepresenting his age.

A certificate accompanying the proofs of death made by an officer in the State of Connecticut, where the insured was killed, stating that the deceased was a certain age at the time of his death, is not conclusive upon the plaintiff, where it appears that, while the plaintiff verified certain affidavits accompanying the proofs of death, she did not verify or expressly adopt the statement of the Connecticut official.

*Semble,* that a statement as to the age of the insured made and verified by the plaintiff in the proofs of death would not be conclusive upon her.

The question whether the defendant waived a provision in the policy to the effect that an action to recover thereon must be brought within six months after service of the proofs of death, should be submitted to the jury, where it appears that, during the greater portion of the period intervening the receipt of the proofs of death and the commencement of the action, the defendant was investigating the plaintiff's claim, and that there was a reasonable promise of an amicable adjustment, and that more than six months after the receipt of the proofs of death, the defendant's attorney wrote to the plaintiff's attorney, who was about to start on a journey, saying, "of course the matter can remain until you return, but it seems to me that there should be no difficulty in the way of our arriving at an understanding as to the merits of the claim."

APPEAL by the defendant, The Preferred Accident Insurance Company of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 24th day of April, 1902, upon the verdict of a jury, and also from an order entered in said clerk's office on the 18th day of April, 1902, denying the defendant's motion for a new trial made upon the minutes.

*William G. Wilson* [*Hamilton Wallis* with him on the brief], for the appellant.

*Edmund F. Driggs* and *John H. Kemble,* for the respondent.

HIRSCHBERG, J. :

The plaintiff has recovered a judgment upon a policy of accident insurance issued upon her husband's life. He died by accident on August 14, 1895. Two defenses were litigated ; one, that the insured falsely warranted his age at his nearest birthday to be sixty years at the time that he applied for the policy, his written application having been accepted by the defendant on June 20, 1893, but the date on which it was made not appearing in the record ; and the other that the action, which was presumably commenced on or after August 13, 1896, as the summons is dated on that day, was commenced more than six months after the date when the defendant received the proofs of death, which date is assumed to be September 13, 1895, because such proofs contain the statement, "proofs received at Home Office" on that day. Either defense if suffi-

ciently established would avoid the policy.   The case was submitted to the jury in a charge to which no exception was taken, and the only questions for review relate to an exception taken to the exclusion of evidence and exceptions taken to the refusal of the court to dismiss the complaint or to direct a verdict in favor of the defendant.

The plaintiff obtained a verdict once before, but the judgment entered upon it was reversed because of the admission of hearsay evidence of the age of the insured in the form of a letter written by a deceased brother.   (*Bowen* v. *Preferred Accident Ins. Co.*, 68 App. Div. 342.)   It was held that such evidence was incompetent for the purpose of proving age notwithstanding the rule of admissibility in case of disputed pedigree.   The reasoning of the opinion of Mr. Justice JENKS on that appeal and the cases cited by him are conclusive in favor of the ruling upon the evidence on the second trial.   The rejected proof was an affidavit purporting to have been made by the father of the deceased in the State of Ohio in the year 1852.   The only authority cited by the learned counsel for the appellant to sustain the exception is *Matter of Seabury* (1 App. Div. 231), but that case has no application as it also related solely to a matter of pedigree and to the acceptance of declarations of deceased persons connected by blood or marriage with the family of the person whose pedigree was under investigation.

Assuming that the record established a warranty by the insured that his age on June 20, 1893, was sixty years at his then nearest birthday, I think that the question of its truth or falsity was properly submitted to the jury.   The burden of proof was on the defendant, and the evidence furnished, if competent, was not conclusive. It consisted in the main in the evidence of two sisters of the insured, taken by deposition in the State of Oregon, and who assert that he was born in the year 1831.   Neither of them was born until several years after the insured, neither has any document or record to fortify her memory, neither gives the date of his birth more accurately than the statement of the year, and neither had lived with him or ever seen him, so far as appears, during the last forty-four years of his life.   When he left home to go to college they were children of the ages of fourteen and sixteen years respectively, and never having lived or associated with him afterwards, it is obvious that their gen-

eral recollection of what they may have been told of his age lacks, after the lapse of so many years of separation, most, if not all, of the elements which give to this kind of proof such value as is assumed to justify its acceptance.   In convincing force it is little if at all superior to the chance memory of strangers who may have associated with the insured in childhood and who, with no motive inspiring the retention of an accurate recollection, should venture after many years of absence to state with precision his reputed age in the early days of their companionship.   It cannot be that the court was obliged as matter of law to rule that these depositions conclusively proved a false warranty.   The insured had no motive to understate his age.   It is not pretended that it would either secure the acceptance of his application for accidental insurance or procure for him the desired insurance at a less premium.   It may, therefore, be assumed that in stating his age at sixty years he acted in good faith upon his own belief, and it is a reasonable conclusion that the mere belief of his younger sisters that he was two years older, unsupported by any controlling means of knowledge, does not in itself necessarily establish under the circumstances that he was in fact guilty of a purposeless but fatal misrepresentation.

Accompanying the proofs of death is a certificate made by a registrar in the State of Connecticut where the insured was killed, which is dated September 12, 1895, and which states the age of the insured as sixty-five years.   The plaintiff in the proofs of death verified the statements contained in the accompanying affidavits, but did not verify or expressly adopt this statement of the Connecticut official.   The case, therefore, differs in this respect from the case of *Kabok* v. *Phœnix Mut. L. Ins. Co.* (21 N. Y. St. Repr. 203) and the case of *Schmitt* v. *National Life Assn.* (84 Hun, 128) and the cases therein cited.   And it is well settled that a statement made and verified by the plaintiff in the proofs of death as to the age of the insured would not be conclusive. (*National Life Assn.* v. *Sturtevant,* 78 Hun, 572; *Neill* v. *American Popular Life Ins. Co.,* 10 J. & S. 259; *Parmelee* v. *Hoffman Fire Ins. Co.,* 54 N. Y. 193; *McMaster* v. *President, etc., Ins. Co. of N. A.,* 55 id. 222.)

As to the short limitation of action contained in the policy, I am

equally clear that the facts justified a submission to the jury of the question of waiver, and support their finding thereon adverse to the appellant. As I have suggested, there is no express evidence of when the proofs were furnished, but assuming the date to have been as recited, the questions of liability upon the policy and of the validity of the plaintiff's claim appear to have been under consultation and negotiation during the greater part of the period intervening such receipt of the proofs and the commencement of the action with reasonable promise of an amicable adjustment, and as late as April 25, 1896, the counsel for the defendant wrote to the plaintiff's attorney, then about to leave New York pending the negotiations, saying, "of course the matter can remain until you return, but it seems to me that there should be no difficulty in the way of our arriving at an understanding as to the merits of the claim." This was more than six months after the alleged date of the receipt of the proofs of death, and would seem to be inconsistent with the intention to assert that the claim whose merits were still under advisement had been lost by the length of time devoted by the parties to its consideration. (*Ames* v. *N. Y. Union Ins. Co.*, 14 N. Y. 253; *Goodwin* v. *Massachusetts Mut. Life Ins. Co.*, 73 id. 480; *Prentice* v. *Knickerbocker Life Ins. Co.*, 77 id. 483; *Carpenter* v. *G. A. Ins. Co.*, 135 id. 298; *Sergent* v. *Liverpool & L. & Globe Ins. Co.*, 155 id. 349; 2 May Ins. [4th ed.] § 488.)

The judgment and order should be affirmed.

GOODRICH, P. J., BARTLETT, WOODWARD and JENKS, JJ., concurred.

Judgment and order affirmed, with costs.