ANTONIO CIRRINCIONI, as Administrator, etc., of JOSEPH CIRRINCIONI, Also Known as CIRRINCIONY, Deceased, Appellant, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

First Department, April 13, 1928.

**Insurance — life insurance — defense of breach of warranty as to medical history of insured — action was brought by administrator — proofs of death were received from plaintiff prior to his appointment as administrator — proofs of death are admissions against interest — plaintiff, as administrator, adopted proofs filed by him individually — physician attending insured not precluded by Civil Practice Act, § 352, from testifying as to number of visits paid insured — certified transcript of record of death of insured issued by department of health, not admissible.**

This is an action by an administrator to recover on a life insurance policy and is defended on the ground that the insured misrepresented his medical history. The plaintiff, prior to his appointment as administrator, filed proofs of death on blanks furnished by the company. The filing of proofs of death was a condition precedent to a recovery on the policy, and said proofs of death were admissible in evidence under the terms of the policy and constituted an admission against interest. The proofs of death filed show that the insured did not give a true medical history.

The contention of the plaintiff that the proofs of death were not admissible since they were not filed by him as administrator, is not sustained, for the plaintiff, as administrator, adopted the proofs of death filed by him individually. If that were not so, he could not recover, since the filing of the proofs was a condition precedent to recovery.

A physician, who attended the insured, testified that the insured was sick shortly before the issuance of the policy, and he also testified as to the number of visits he made to the insured from a short time before the issuance of the policy until his death. This testimony was not within the prohibition of section 352 of the Civil Practice Act, and was properly admitted.

A certified transcript of the record of the death of the insured, issued by the department of health of the city of New York, which was furnished to the defendant's agent by the plaintiff, was properly excluded, since it was not shown that the transcript was filed as a part of the proofs of death.

APPEAL by the plaintiff from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 15th day of November, 1927, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Sixth District, in favor of the defendant.

*Abraham Binder* of counsel [*Martin Binder* with him on the brief], for the appellant.

*Paul Grout* of counsel [*Charles B. La Voe* with him on the brief], for the respondent.

Determination affirmed, with costs and disbursements, on the opinion of NOONAN, J.

Present — DOWLING, P. J., FINCH, McAVOY, MARTIN and O'MALLEY, JJ.

The following is the opinion of the Municipal Court:

NOONAN, J.    The action is brought to recover the sum of $605 payable under a policy of life insurance issued on August 17, 1925, by the defendant insurance company on the life of Joseph Cirrincioni, the son of the plaintiff administrator.

The policy of insurance agreed to pay the amount of the insurance to the executor or administrator of the insured upon the receipt of proofs of death, as required by the company.

According to the policy, the company had the right to declare the policy void and to limit its liability to a return of the premiums paid upon proof that the insured violated certain conditions of the policy, among which were (1) that the insured was not in good health on the date of the issuance of the policy, (2) that he had within two years before its date been attended by a physician, and (3) that before such date he had any pulmonary disease.

As a condition, it was also stipulated that proofs of death were to be made upon blanks to be furnished by the company, and that these proofs were to contain answers to each question propounded to the claimant, to physicians and to other persons.    All the contents of such proofs were to be evidence of the facts therein stated in behalf of, but not against, the company.

The insured died of pulmonary tuberculosis June 19, 1926.

The plaintiff was appointed administrator of the estate of his son on January 8, 1927.

Sometime previous to the appointment of the plaintiff as administrator the defendant's agent received from the plaintiff the proofs of death filled out in blanks furnished by the company.    The filing of these proofs of death, as required by the contract of insurance, was a condition precedent to a recovery on the policy.    (*Acee v. Metropolitan Life Ins. Co.,* 219 App. Div. 246, 248.)

The contract of insurance provided that the contents of such proofs of death were to be evidence in favor of the company.    The proofs of death submitted by the plaintiff to the defendant's agent were introduced in evidence by the defendant, and an inspection of them disclosed that the insured had violated the conditions of the policy, in that he was not in good health for several months previous to the date of the policy, and had been attended by a physician for pulmonary tuberculosis previous to the date of the policy.

It is a well-settled rule of law that such proofs of death are binding on the claimant as admissions against interest and, unless explained, furnish conclusive evidence of the truth of their contents.   (*Spencer v. C. M. L. Insurance Assn.*, 142 N. Y. 505, 509; *Hanna* v. *Connecticut Mutual Life Ins. Co.*, 150 id. 526, 530, 532; *Kipp* v. *Metropolitan Life Ins. Co.*, 41 App. Div. 298, 300; *Trudden* v. *Metropolitan Life Ins. Co.*, 50 id. 473, 474; *Leonard* v. *John Hancock Mut. Life Ins. Co.*, 76 Misc. 529, 531; *Fay* v. *Metropolitan Life Ins. Co.*, 119 id. 715, 716.)

The plaintiff contends that the proofs of death, having been filed by him previous to his appointment as administrator, are not binding on him as administrator.

The complaint set out that proofs of death were required by the terms of the insurance contract to be filed and that the same were duly filed.   The only proofs of death filed with the company were those marked in evidence.   The plaintiff was required to plead and prove as a condition precedent to a recovery on the policy that proofs of death were duly filed.   The parties to the insurance policy contracted that proofs of death were a necessary condition, and that the company was not to be held liable on the policy unless such proofs were submitted.   That the parties had the right to make such a condition cannot be gainsaid.   (*Proppe* v. *Metropolitan Life Ins. Co.*, 13 Misc. 266; *Trudden* v. *Metropolitan Life Ins. Co., supra.*)

The plaintiff, therefore, may be held to an adoption of those proofs of death after his appointment as administrator.   (*Delamater* v. *Prudential Ins. Co.*, 5 N. Y. Supp. 586; *Leonard* v. *John Hancock Mut. Life Ins. Co., supra.*)

Unless this be so, the plaintiff has failed to establish one of the essential conditions of the insurance contract.

During the trial the attending physician, Dr. Arcieri, was asked by the defendant's counsel if the insured was sick in June, 1925, and the number of visits paid by Dr. Arcieri to the insured from June, 1925, to the date of the death of the insured.   These questions were allowed to be answered over objection and exception.   In my opinion these questions did not come within the prohibition of section 352 of the Civil Practice Act.   (*Klein* v. *Prudential Ins. Co.*, 221 N. Y. 449, 453.)

Although a certified transcript of the record of the death of the insured issued by the department of health of the city of New York was given to the defendant's agent by the plaintiff at the time he submitted the other proofs of death, it is not clear that such transcript was filed as part of the proofs of death, and for that reason I think it was properly excluded from evidence when offered by

First Department, April, 1928.    [Vol. 223

the defendant.   (*Beglin* v. *Metropolitan Life Ins. Co.*, 173 N. Y. 374, 376; *Davis* v. *Supreme Lodge, Knights of Honor*,.165 id. 159; *Buffalo Loan, Trust & Safe Deposit Co.* v. *Knights Templar & Masonic Mutual Aid Association*, 126 id. 450.)

The case presented solely a question of law, and both sides having moved for a direction of the verdict, a verdict is, therefore, directed in favor of the defendant, with an exception to the plaintiff.   Five days' stay of execution.