VINCENZO GIAIMO, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE
COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, First District,
June 22, 1928.

**Insurance — life insurance — defense that proofs of death were not filed
upon blanks furnished by company — defense is sufficient — waiver
of compliance not shown.**

This is an action by an administrator upon an industrial life insurance policy.
The defense interposed is that plaintiff did not comply with the conditions of
the policy requiring him to file proofs of death upon forms furnished by the
defendant. It is a condition precedent to recovery that proofs of death on
blanks furnished by the company have been filed, and this is so notwithstanding
the fact that some of the recitals in the proofs cannot be testified to in court by
the physicians who certified to the same. Therefore, the defense is sufficient.

Plaintiff cannot be excused from compliance with the condition requiring proofs
to be filed, on the theory of a waiver based upon a letter which rejected the
claim when first presented by the plaintiff as an individual, for that rejection
was apparently retracted when the defendant subsequently sent to the attorneys
for the plaintiff the blanks required and asked their return properly completed.
Plaintiff cannot claim that the original rejection misled him or caused him to
change his position or forfeit any rights.

ACTION upon an industrial insurance policy.

*Perkus & Pesachowitz,* for the plaintiff.

*Grout and Grout,* for the defendant.

LEWIS, J. Plaintiff, an administrator, sues upon an industrial
insurance policy which had been issued upon the life of his mother.

It is a known fact that these policies are issued without a physical
or medical examination of the insured, reliance being had for pro-
tection upon the conditions and stipulations of the policy. Hence,
the terms of the policy cannot be lightly regarded or rashly
disregarded.

Among the express conditions of the policy we find: " Proofs of
death shall be made upon blanks to be furnished by the Company
and shall contain the answer to each question propounded to the
claimant, to physicians and to other persons, and shall contain
the record, evidence and verdict of the coroner's inquest, if any
be held. All the contents of such proofs of death shall be evidence
of the facts therein stated in behalf of, but not against the
Company."

And the importance of compliance with these conditions is
emphasized by the fact that " The Company may declare the
policy void, and in such event its liability shall be limited to the
return of the premiums paid on the policy, * * * If within

two years before the date the insured has been attended by a physician for a serious disease or complaint, or before said date has had any pulmonary disease, or chronic bronchitis, or cancer, or disease of the heart," etc.

That these conditions and provisions are to be given full force and effect is no longer open to dispute, for this precise question has been the subject of a legal determination by a learned justice of this court whose opinion has received the sanction of both the Appellate Term and the Appellate Division.    (See *Cirrincioni* v. *Metropolitan Life Ins. Co.*, 223 App. Div. 461.)

While a physician who might have attended the deceased in her lifetime would be prohibited from testifying to the nature of her ailment in the absence of the statutory waiver, notwithstanding the provisions of the policy, still it seems to be the settled law that a plaintiff in a case of this kind is required both to plead and prove as a condition precedent to recovery that proofs of death on blanks furnished by the company have been duly filed; and this in spite of the fact that some of the recitals in the proofs could not be testified to in court by the physicians who certify the same. (*Cirrincioni* v. *Metropolitan Life Ins. Co.*, *supra; Acee* v. *Metropolitan Life Ins. Co.*, 219 App. Div. 246.)

While this appears to be an anomaly, yet apparently it is the law.    Under this ruling there is little room for the contention that the condition requiring the filing of these proofs is unreasonable, especially in the case of industrial policies where no medical examination is made upon the issuance of the policy.

The original complaint in this action proceeded on the theory of due performance by the plaintiff.    Upon the trial the complaint was amended so as to allege substantial compliance with the reasonable requirements.    The plaintiff declined and refused to amend his pleading so as to claim any waiver of the provisions of the policy by the company.    The defendant in turn amended its answer so as to meet th  issue created by the changed plea of the plaintiff.

The plaintiff now seeks to be excused from compliance with the condition requiring proofs to be filed upon the blanks furnished by the company, on the theory of a waiver based upon a letter which rejected the claim when first presented by the plaintiff in his individual capacity.

However, it appears that any original rejection of the claim in the course of correspondence with the plaintiff prior to his appointment as administrator was apparently retracted when the company subsequently, in response to the specific request of this plaintiff's attorneys, sent to his attorneys the blanks required and asked their return properly filled out so that consideration might be given

to the claim. The plaintiff cannot now claim that the original so-called rejection misled him or caused him to change his position or forfeit any rights.

Under such circumstances I do not believe the claim of waiver can be sustained.

Judgment for the defendant. Five days' stay.