HELEN WOODS, Respondent, *v.* SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD, Appellant.

First Department, January 10, 1919.

Insurance — action upon life insurance policy — issue as to truth of statement in application as to age of insured — evidence — admissibility of declarations of insured — verdict against weight of evidence.

In an action against a fraternal insurance company upon a policy of insurance, it appeared that the age of the insured was most material, for only persons between certain ages were eligible to membership, and in addition the rate of premiums was graded according to age; that in the proof of death furnished by the daughter of the insured she overstated his age by twelve years, assuming that his statement in his application was true; that the defendant introduced in evidence two applications for life insurance by the insured in which the statements as to his age differed from his application.

*Held*, that a verdict in favor of the plaintiff is against the weight of the evidence upon the issue as to whether or not the statement of age in the application was false.

Declarations may constitute satisfactory evidence upon the question as to the age of an insured.

Appeal by the defendant, Sovereign Camp of the Woodmen of the World, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of May, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 22d day of May, 1918, denying defendant's motion for a new trial made upon the minutes.

· *John L. Sheppard*, for the appellant.

*Abraham Crosney* of counsel [*Herman Rosenblum*, attorney], for the respondent.

Shearn, J.:

The age of the insured was most material in this case, for only persons between the ages of eighteen and fifty-two were eligible to membership in the defendant, and, in addition, the rate of premiums was graded according to age.   In his application the insured stated his age as forty-five.   This was in 1913.   In the proof of death furnished in 1917 by the plaintiff beneficiary, the daughter of the insured, the age of the insured at his last birthday was stated as sixty-one.   " In the absence of any explanation or other evidence, the statement in the proofs as to the age of deceased should be deemed to establish the fact so stated." (*Schmitt* v. *National Life Assn.*, 84 Hun, 128.)   There was no other evidence of the age of the insured introduced by plaintiff, but there was some explanation of the obvious discrepancy, for the plaintiff testified that she had no actual knowledge of her father's age and took the age of sixty-one from the death record filed in the board of health.   The defendant, however, introduced in · evidence two applications for life insurance made by the insured to the Metropolitan Life Insurance Company, in one of which, dated April 1, 1899, the insured stated that he was born in Ireland April 27, 1861.   According to this, on August 1, 1913, when the policy in suit was issued, his age was fifty-two

years and three months.  In the other application, dated April 11, 1907, he stated that he was born in Ireland in March, 1862, which would make his age at the date of the issuance of the policy in suit fifty-one years and five months. Declarations may constitute satisfactory evidence on such a question as age, and if there were nothing to the contrary, these declarations would require the direction of a verdict in favor of the defendant.  But the plaintiff has here the declaration contained in the application made by the insured to the defendant, which is also entitled to some weight.  The question then is as to the weight of the evidence.  This is decidedly in favor of the defendant.  It is not merely that there are two declarations against one.  Aside from the proof of death furnished by the daughter, there is further evidence.  According to plaintiff the deceased left a son Michael aged thirty-one.  If the insured was forty-nine when his son was thirty-one, he was married when he was seventeen, but there is no evidence that he married at an unusually early age.  It is also a suspicious circumstance that the daughter claims to have had so little knowledge of her father's age as to lead her to overstate it by twelve years in the proof of death, assuming that the deceased's statements to the defendant of his age were correct.  These considerations, with the lack of other evidence that ought easily to have been available, lead to the conclusion that the verdict is palpably against the weight of the evidence upon the issue as to whether or not the statement of age in the application to the defendant was false.  Plaintiff's counsel argues that the proof shows that the deceased did not know what his age was.  If this is true, it is not of much help to the plaintiff, for it puts deceased in the position of having made a statement of fact material to the defendant regardless of whether it was true or false.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

DOWLING, LAUGHLIN, SMITH and PAGE, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.