HOME BENEFICIAL ASS'N v. McCLAIN.—95 S. W. (2d) 53.

Middle Section. December 21, 1935.

Petition for Certiorari denied by Supreme Court, June 13, 1936.

B. O. Briley, of Nashville, for plaintiff in error Insurance Co.

Goodpasture & Carpenter, of Nashville, for defendant in error Lizzie McClain.

CROWNOVER, J.   This is a suit, by the beneficiary, to recover on a life insurance policy.

The case originated before a justice of the peace, where judgment was rendered for the plaintiff and against the defendant for the amount of the policy, $185, and costs.

On appeal to the circuit court the case was heard by the judge without a jury.

Defendant insurance company filed a plea of tender and paid into court $77.50, contending that insured had incorrectly stated his age and that he had contracted tuberculosis within twelve months after the date of the policy, both of which facts reduced the amount of the recovery, according to the terms of the policy.

Tender was refused by the plaintiff.

The plaintiff, Lizzie McClain, insisting that the plea of tender, by its terms, admitted the issuance of the policy, the death of the insured, the fact that the premiums were paid up, that proper proofs were filed with the company following the death of the insured, and all necessary requisites to the plaintiff's prima facie case, introduced no evidence.

The defendant introduced one witness, the agent of the insurance company, who testified to facts showing the issuance of the policy dated June 30, 1930, death of the insured on October 31, 1934, and that proofs of death were filed by the beneficiary. He filed as exhibits to his testimony the policy issued to Green McClain; copy of death certificate signed by J. W. Milam, attending physician, properly certified by the state registrar; statement of Dr. Milam, attending physician; and statement signed by Lizzie McClain, wife of Green McClain, deceased, and beneficiary under this policy.

The death certificate, properly certified by the state registrar, shows that the original certificate was made out by J. W. Milam, M. D., and states that the deceased was 57 years of age at his death, and

that the principal cause of his death was pulmonary tuberculosis and the contributing cause was cholera morbus.

In the proofs of loss filed by the beneficiary with the insurance company she answers the question as to his age, "D. K.," which may mean "don't know"—anyway these letters could not intelligently represent his age. The doctor's certificate was filled out by Dr. Milam, and he there states that the deceased was 57 years of age at his death.

The policy, dated June 30, 1930, gives the age of Green McClain as 50 years. It contains the provisions relied on by defendant as to misstatement of age and reduction of amount of policy if insured should die from tuberculosis, etc., which had its inception within 12 months of the date of the policy, which paragraphs of the policy are as follows:

"The amount payable hereunder will be reduced to one-half of the sum otherwise due (1) if the Insured dies from any pulmonary disease . . . or tuberculosis in any form, having its inception within twelve months from the date hereof."

"Misstatement of Age: If the age of the Insured is not correctly stated herein, no greater amount will be paid than the premium hereon would have purchased at the true age of entry."

The trial judge found in favor of the plaintiff and rendered judgment in her favor for the amount of the policy, $185, and costs.

Motion for a new trial having been overruled, defendant insurance company appealed in error to this court and has assigned as error that there is no evidence to support the judgment of the court.

1. The plaintiff contends that the policy is incontestable under section 6179, subsec. 3, of the Code of 1932, which provides that any policy of life insurance issued in this state by a life insurance company organized under the laws of this state shall be incontestable after two years from its date, except for nonpayment of premiums and except for violations of the conditions of the policy relating to naval and military services in time of war, and section 6183 which provides that foreign policies issued in this state shall contain the same provision. Shannon's Code, sec. 3348a8, subd. 3, and sec. 3348a12.

The section of the Code of 1932 excepting certain insurance policies from the foregoing provisions is as follows:

"The five sections above shall not apply to annuities, industrial accident and/or health insurance policies, or to corporations or associations operating on the assessment or fraternal plan." Section 6184.

But this policy was issued June 30, 1930, before the Code of 1932. Shannon's Code, section 3348a13, is as follows:

"Sections 3348a8 to 3348a14 shall not apply to annuities, industrial

policies, or to corporations or associations operating on the assessment or fraternal plan.''

This section of Shannon's Code expressly excluded industrial policies, at the time of the issuance of the policy sued on; hence the provision against contestability after two years (Code 1932, sec-6179, subsec. 3, and section 6184; Shannon's Code, sec. 3348a8, subd. 3) cannot apply to this case.

2. The defendant insurance company contends: (1) The insured incorrectly stated his age when he made application for the policy, as the death certificate and the statement of the attending physician show that he was 57 years of age at his death, whereas his application for the policy, made three years before, gives his age as 50 years; that the amount of premium paid by him would have paid for a policy of $155, based on the age of 54 years. (2) He died of tuberculosis contracted within 12 months after the date of the policy, as shown by the death certificate, therefore his beneficiary was entitled to recover only one-half of the amount of the policy, or $77.50.

The plaintiff introduced no evidence, and the only evidence of the defendant insurance company is the policy and the proofs of death.

The policy contains a paragraph on ''Proofs of Death,'' which is as follows:

''Proofs of death shall be made upon blanks to be furnished by the Association and shall contain the answer to each question propounded to the claimant, physicians, and other persons, and shall contain the record, evidence, and verdict of the coroner's inquest, if any be held. All the contents of such proofs of death shall be evidence of the facts therein stated in behalf of, but not against, the Association.''

Such a stipulation is valid.

''A condition in a policy that proofs of death shall be evidence of the facts therein stated in behalf of, but not against, the company, is valid. While proofs of death are prima facie evidence of the facts stated therein as against the beneficiary or claimant under the policy and in favor of the company, and, when not explained or rebutted, are binding and conclusive on the beneficiary or claimant, yet they may be contradicted, explained, or rebutted, as by evidence they were made by mistake or under a misapprehension or by other evidence tending to impair their force and effect, the beneficiary or claimant not being estopped to introduce such evidence, and when evidence tending to explain or contradict them has been introduced, they are not conclusive or absolutely binding on the beneficiary or claimant. The foregoing rules are applicable to statements in the proofs of death as to the manner or cause of the death of insured, his age, his treatment by a physician for certain diseases, the duration of the disease of which he died, and the state of his health at a particular time, as when the insurance was effected. the policy delivered,

or the application made. Also the rules are applicable to a certificate or written statement of a physician and the finding or verdict at a coroner's inquest when made a part of the proofs of death; but they do not apply to a coroner's finding sent to the company with the proofs of death, without the knowledge of the beneficiary, by his attorney." 37 C. J., 560, 561, sec. 316.

■ ■ By Code, section 5863, Shannon's Code, section 3118a38, the certified copy of the death record is prima facie evidence of the cause of death of Green McClain. This certificate shows that the cause of his death was tuberculosis.

The statute, Code, section 5838, Shannon's Code, section 3118ā13, requires that the death certificate state, among other things, the name, age, sex, race, occupation, and residence of the deceased, which "shall be authenticated by the signature of the informant, who may be any competent person acquainted with the facts." And the statute further requires the attending physician to state the date, place, and cause of death, with the contributing or secondary causes of death, place and date of burial, etc.

The above statute makes the death certificate prima facie evidence of all recorded facts required by the statute to be stated therein. 8 Couch on Insurance, section 2200.

The doctor's certificate, filed with the company by the beneficiary as a part of the proofs of death, states that the deceased was 57 years of age at his death. Such certificate is an admission against interest. 8 Couch on Insurance, section 2200, note 17, and section 2247a.

"When it is not contradicted or explained, a physician's certificate as to the cause of death, filed with the proofs of death, may become conclusive against the plaintiff's right to recover. This is upon the theory that, although a party is not concluded by the proofs of death which he has presented, a certificate furnished as a part thereof constitutes evidence furnished through him to the defendant insurer, and that it has a right to rely upon such proofs unless and until explained or contradicted; in other words, that they amount to admissions of a material fact by the plaintiff, so as to constitute competent evidence against him." 8 Couch on Insurance, 7116, section 2200.

We think the case of Life & Casualty Ins. Co. v. Robertson, 6 Tenn. App., 43, 59-64, does not apply to this case, as no objection to the introduction of the proofs of loss as evidence in the case was made, and the policy provides that the proofs of loss shall be admitted as evidence.

"Proofs of loss are . . . admissible in favor of defendant as admissions and the recitals in the proofs of death furnished by a beneficiary as to cause of death are conclusive unless the beneficiary shows that the statement is erroneous or made by mistake." Life

& Cas. Ins. Co. v. Robertson, 6 Tenn. App., 43, 60; Bacon on Life and Accident Insurance (4 Ed.), sec. 650.

"While it has been said that proofs of loss are evidence of the facts therein stated, in favor of as well as against the insurer, the general rule is that the insured can introduce such proofs merely for the purpose of showing a compliance with the policy, and not as evidence of the facts therein stated. And proofs of loss, even though admitted without objection, are not proof of the facts necessary to support the action, owing to their admissibility for the limited purpose of showing a compliance with the conditions of the policy, according to some courts, though others have held that they may be considered as substantive evidence where received without objection. Such proofs, however, are in the nature of an admission and are admissible against the person who made them, even though they include matters not required by the policy, especially where the policy provides that the proofs shall be evidence of the facts therein stated in behalf of, but not against, the company." 14 R. C. L., 1442, 1443, sec. 605.

Hence the doctor's certificate filed with the proof of loss and the death certificate show that Green McClain was 57 years of age at his death and that he died of tuberculosis. But we do not think they show that he contracted tuberculosis within 12 months from the date of the policy.

In the absence of proof to the contrary a presumption exists that the applicant has truly stated his age, wherefore the insurer, relying on a forfeiture for misstatement of age, has the burden of proving the falsity. 8 Couch on Insurance, sec. 2247a; 37 C. J., 615, sec. 410. But proofs of death voluntarily submitted by the beneficiary, pursuant to a stipulation in the policy that such proofs of death may be used in evidence, are admissible as evidence that the insured misrepresented his age. 8 Couch on Insurance, sec. 2247a, note 15. But the statement may be explained by the plaintiff. In the absence of such explanation it will be deemed to have established the fact as therein stated. 37 C. J., 637, note 29; Woods v. Sovereign Camp, W. O. W., 186 App. Div., 59, 173 N. Y. S., 672; Schmitt v. National Life Association, 84 Hun, 128, 32 N. Y. S., 513.

We think the evidence shows that he was 57 years of age at the time of his death on October 31, 1934, and that he was 53 years of age at the date of the issuance of the policy on June 30, 1930, or at his next birthday he would have been 53 years of age, and not 54, as contended by the defendant; but there is absolutely no evidence in the record to show that there was a different rate at the age of 53 from that of 50. It was attempted to show that there was a different rate at 54, but that evidence was excluded, and no assignment of error was made to the exclusion of that evidence, hence this assignment of error must be overruled.

■ We are of the opinion that both the death certificate and the attending physician's statement fail to show that Green McClain contracted tuberculosis within 12 months after the date of the policy.

The death certificate contains the following statements as to cause of death:

"I attended deceased from abt. Feb., '31 to Oct. 30, 1934."

"The principal cause of death and related causes of importance in order of onset' were as follows:

"Date of onset

"Pulmonary Tuberculosis ———

"Contributing causes of importance not related to principal cause:

"Cholera Morbus ———"

The statement of the attending physician contains the following questions and answers:

"9. For what Disease or Diseases have you At Any Time attended Deceased and what was their duration?

"Date of Attendance. Disease. Duration of Disease.

"A. From about Feby. or Mch. 1931 to Oct. 31, 1934."

"10. Did you ever attend or prescribe for Deceased, except as stated in answer to question 9?

"Answer: For various colds and the like."

"11. How long had Deceased been sick when you were called to attend?

"Answer: Don't know. I waited on him about 2½ years."

"12. Did Deceased suffer from Phthisis Pulmonalis, or any other form of Consumption or Pulmonary Heart or Kidney Disease?

"Answer: Yes Tuberculosis."

"17. What was duration of Deceased's last sickness?

"Answer: Dont know, over 2½ years."

The answer to question No. 9 does not state that he had tuberculosis from February, 1931, to October 31, 1934. The answer to question No. 17 is that he does not know but it was over 2½ years. Insured's death occurred 4 years and 4 months after the issuance of the policy, so if he had tuberculosis 2½ years, it began more than 12 months after the date of the policy.

It results that all the assignments of errors are overruled, and the judgment of the lower court is affirmed. A judgment will be entered in this court in favor of Lizzie McClain and against the Home Beneficial Association for $185 with interest from May 11, 1935. The costs of the cause, including the costs of the appeal, are adjudged against the Home Beneficial Association and the sureties on its appeal bond.

Faw, P. J., and DeWitt, J., concur.