This action was brought upon a certificate of insurance, issued by the defendant, to recover five thousand dollars.
The defendant, by its certificate, undertook to insure Theodore H. Cooper against personal bodily injury, and in case he should receive such injuries disabling him from transacting business pertaining to his occupation to pay him certain amounts specifically named in the certificate, dependent upon the nature of his injuries, and in case death should result from such injuries within ninety days to pay to the plaintiff, as his wife, the sum of five thousand dollars.
The certificate contained the following:
"No suit or proceeding at law or in equity shall be brought * * * to recover any sum under this insurance unless the same is commenced within one year from the time of the alleged accidental injury."
Cooper received an accidental bodily injury on December 10, 1887, which resulted in his death on January 2, 1888.
This action was commenced on December 29, 1888, more than one year after the accident, but within one year of his death. *Page 337 
It is claimed that the action was not commenced within the time required by the provision of the certificate referred to.
It will be observed that provisions are made in the certificate for two different persons who, upon the happening of the events specified, may have a right of action against the association. One provision is in favor of Cooper, who may recover during his life-time the amounts provided for his disability resulting from the accidental injury received. The other is to his wife, which is for the injuries which she suffers by reason of his death resulting from such accident.
The accident received by Cooper did not injure the plaintiff or give her a right of action until death ensued. So far as she is concerned the infliction of the wound is but the beginning, and the death is the completion of the injury. Her suit must be "commenced within one year from the time of the alleged accidental injury." In other words, within one year from the time of the injury to her, which was the death of her husband, as the result of the accident.
As to Cooper, he suffered from the date of the wound. His right to indemnity dates from that event, and it is possible that his right to maintain an action would not continue after the expiration of a year from that date.
But as to the plaintiff, it appears to us that the construction already indicated was intended, and should be given to the certificate. As thus construed the various clauses of the contract are rendered harmonious, and the different beneficiaries thereunder are given the same period of limitation within which to bring actions to establish their claims.
This construction is, in a measure, sustained by the authorities.
In the case of Steen v. Niagara Fire Insurance Company
(89 N.Y. 315), the policy of insurance required actions to be brought within twelve months next after the "loss or damage shall accrue." In an action upon the policy it was held that the period of limitation prescribed did not commence to run until the loss became due and payable and the right to bring an action had accrued. *Page 338 
And to the same effect are the cases of Mayor, etc., v.Hamilton Fire Insurance Company (39 N.Y. 45) and Hay v. StarFire Insurance Company (77 id. 235).
The case of King v. Watertown Fire Insurance Company (47 Hun, 1) appears to us to be clearly distinguishable. In that case the policy provided that no suit or action could be maintained unless commenced "within twelve months next after the fire shall have occurred." In that case it was held that the year within which the action must be brought commenced to run from the date on which the fire occurred, it so having been expressly stipulated in the policy.
We consequently are of the opinion that the judgment should be affirmed, with costs.
All concur, except VANN, J., not sitting.
Judgment affirmed.