## ALLEN v. DUTCHESS COUNTY MUT. INS. CO.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. LIMITATIONS—ACTION ON FIRE POLICY.

Under a fire policy providing that no action on it shall be sustainable unless commenced within 12 months next after the fire, the limitation begins to run from the day of the fire.

2. SAME—WAIVER—PLEADING.

Under the pleading of plaintiff, in an action on a fire policy, of waiver only of the clause regulating the filing of proof of loss and certain procedure thereon, and alleging performance on his part of all the other conditions of the policy, he may not prove a waiver of the limitation of the action.

3. SAME—EVIDENCE.

The limitation of a year for action on a fire policy is not waived merely by the insurer's adjuster shortly after the fire discussing a possible settlement, and the insured renewing negotiations, so that they continued till within a few weeks of the end of the year.

Appeal from Trial Term.

Action by George Allen against the Dutchess County Mutual Insurance Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

William E. Osborn, for appellant.

Milton A. Fowler and Robert F. Wilkinson, for respondent.

JENKS, J. The policy provides:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

The 12-months limitation began to run from the day of the fire. King v. Watertown Fire Ins. Co., 47 Hun, 1; Cooper v. U. S. M. B. Ass'n, 132 N. Y. 334, 338, 30 N. E. 833, 16 L. R. A. 138, 28 Am. St. Rep. 581; Joyce on Insurance, § 3190. The cases cited contra by the learned counsel for the appellant (Hay v. Star Fire Insurance Co., 77 N. Y. 235, 33 Am. Rep. 667; Steen v. Niagara Fire Insurance Co., 89 N. Y. 315, 42 Am. Rep. 297; Mayor of N. Y. v. Hamilton Fire Ins. Co., 39 N. Y. 45, 100 Am. Dec. 400) are to be discriminated for the reason that the term of limitation was 12 months "next after the loss or damage shall have occurred," or "after the loss," or "after the loss or damage shall accrue." This distinction is pointed out by Haight, J., in King v. Watertown Fire Ins. Co., supra. See, also, Cooper v. U. S. M. B. Ass'n, supra. Inasmuch as the plaintiff alleged that his buildings were burned on November 13, 1897, yet did not begin suit until January 13, 1899, the defendant pleaded, inter alia, this period of limitation. The rule is that such a plea is conclusive against the action. The plaintiff, however, insists that there was a waiver of this limitation by the defendant, and asked that this question be submitted to the jury: "Did the defendant waive

the twelve-months limitation of commencing suit?" This request was refused under exception.

The plaintiff pleaded waiver only of the clause regulating the filing of the proof of loss and certain procedure thereupon. He alleged "performance of all the other conditions of said policy of insurance on his part." Under such pleading of performance, the plaintiff could not prove a waiver of the limitation of the action. Elting v. Dayton, 63 Hun, 629, 17 N. Y. Supp. 849, affirmed in 144 N. Y. 644, 39 N. E. 493; Oakley v. Morton, 11 N. Y. 25, 62 Am. Dec. 49; Todd v. Union Casualty & Surety Co. (Sup.) 74 N. Y. Supp. 1062. But conceding that the proof was admissible under the pleadings, I am of opinion that it was not sufficient to warrant the submission of the question to the jury. In Gibson El. Co. v. Liverpool & L. & G. Ins. Co., 159 N. Y. 418, 54 N. E. 23, the court, per Martin, J., say:

"Although the decisions of this court, of which we have made this brief review, seem to warrant the conclusion that an insurer, even under the provisions of a standard policy, may estop itself from claiming, or may waive, a forfeiture, under its conditions, by its acts and the requirements it makes of the insured after knowledge of the forfeiture, still the circumstances and acts which are required to constitute such an estoppel or waiver seem to be quite firmly established. Thus, in the absence of an express waiver, at least, some of the elements of an estoppel must exist."

It is not contended that there was an express waiver. But it is said, first, that the only objection raised by the defendant, when it was informed of the fire, was based upon a misdescription of the buildings. This objection was taken within a few weeks after the fire. Nothing is clearer than that the defendant could not take an objection, based upon a failure to sue within 12 months, until after the lapse of that period. When lapse of time brought the objection into existence, the mere silence of the defendant did not constitute a waiver thereof. It could wait until after the action was begun, and then plead the limitation. Titus v. Glens Falls Ins. Co., 81 N. Y. 410, 419. "It was not bound to specify all of its defenses on peril of losing those not specified." Brink v. Hanover Fire Ins. Co., 70 N. Y. 593. It is said, second, that negotiations were pending during the 12 months for a settlement. But it is not contended that they continued throughout that period. The learned counsel for the appellant says in his brief that they continued for a period up to some time in October, 1898. The plaintiff testifies that Ireland, the defendant's agent or adjuster, came to see him within two or three weeks after the fire, and made an offer of settlement, which was refused, and that he met Ireland again "not such a great time after"; that Ireland said defendant was not responsible, but made another offer, which was again refused; that they had subsequent negotiations; and that he thinks the last time he went to see Ireland was on the last day of September, or some time in October, 1898, when another offer was made. So far as the defendant is concerned, there is no proof that it misled or lulled the plaintiff to sleep by its long drawn out continuance of these negotiations. It was the plaintiff who renewed and continued them, who sought out the adjuster in his office in 1898, in September or in October, and who at a later period sought again to renew them. Moreover, after the negotiations ended, there re-

mained a period within the 12 months after the fire within which the plaintiff might have begun his action on the claim. True, the witness Field testifies that he went to the president of the defendant seeking a settlement in January, 1899, but at that time the defendant was not bound to disclose to him that the period for the bringing of the suit had expired. Titus v. Glens Falls· Insurance Co., supra; Brink v. Hanover Fire Ins. Co., supra. In fine, the mere facts that the·adjuster of the defendant, early after the fire, and "not a great time afterwards," discussed a possible settlement, and that thereafter, and toward the close, the plaintiff renewed these negotiations, so that they continued to a time within perhaps two months—possibly five or six weeks—of the close of the period within which a suit must be begun, is not sufficient evidence of waiver, for it must be based upon "some·of the elements of estoppel," so that the assured "must have been misled by some action of the company," to quote the words of Martin, J., in Gibson El. Co. v. Liverpool & L. & G. · Ins. Co., supra. The mere pendency of negotiations or the fact that occasional interviews are had in regard to the adjustment or settlement of a loss "will not operate as a waiver; or be an equitable es-. toppel." See Joyce on Insurance, § 3207; May on Insurance, § 485. The facts do not bring the case within the rule as applied by Hirschberg, J., in Bowen v. Preferred Accident Ins. Co., 82 App. Div. 458, 81 N. Y. Supp. 840, and the cases therein cited.

The judgment and order should be affirmed, with costs. All concur.