Owen McGivern, J.
In this action by an insured under a fire insurance policy to recover the amount of an alleged fire loss, plaintiff has moved for summary judgment and the defendant has made a cross motion for similar relief.
The principal defense is the one-year Statute of Limitations contained in. the so-called standard form fire insurance policy prescribed by section 168 of the Insurance Law. Coneededly, the instant action was not commenced within 12 months £ £ after inception of the loss ”, as required by the standard policy. But in this particular instance, there was omitted from the policy issued to the plaintiff, and upon which this suit was based, the statutory provision of section 168 which dictates the institution of an action within 12 months after the occurrence of a *671 loss. The defendant now attributes this omission to a printer’s error, but nevertheless would hold the plaintiff to the short statute of which he had no apparent notice. The plaintiff contends that the defendant is bound by the policy it actually issued, and that the provisions of the Insurance Law calling for standard policies is solely for the benefit of insureds.
It is the conclusion of this court that the defendant is estopped from relying on the short Statute of Limitations, applicable generally to standard fire insurance policies of this State, and which would have been available as a defense, if the policy before us had included the necessary provision.
The history of statutory insurance clearly indicates that standard policies were made obligatory upon insurance companies to protect ingenuous insureds against the refinements and legalisms devised by the companies. Whenever the Legislature stepped into this area its purpose was to afford the insured more protection and less obfuscation (cf. 3 Richards on Insurance [5th ed.], § 497 et seq.). We are on firm ground then when we say that primarily, standard policies are for the safeguarding of policy holders.
Of course, if for any reason at all, apparent or ulterior, an insurer chooses to waive benefits conferred by the statutes providing for uniform policies, this may be done. Thus, as to the specific provisions for a short Statute of Limitations, it has been said: “ The policy provision being in derogation of the general statute of limitation, the courts are not slow in holding the company estopped from insisting upon it, where the promise or conduct of the company has induced the delay ” (3 Richards on Insurance [5th ed.], § 557, p. 1875).
Also, as was recently stated: ‘ ‘ However, it is equally well established that policy provisions requiring an action to be brought within a time limited after the happening of the event may be waived by the insurer. Bowen v. Preferred Accident Ins. Co., 82 App. Div. 458, 81 N. Y. S. 840; Aktiebolaget Malareprovinsernas Bank v. Hanover Fire Ins. Co., 211 App. Div. 608, 208 N. Y. S. 173, reversed on other grounds 241 N. Y. 551, 150 N. E. 551” (Matter of Long v. Assurance Co. of America, 107 N. Y. S. 2d 961, 963).
The Bowen case and that of Aktiebolaget Malareprovinsernas Bank, cited by the court in Matter of Long v. Assurance Co. of America (supra) fully uphold the proposition for which they were cited. In Sassi v. Jersey Trucking Service (283 App. Div. 73, 78-79) our Appellate Division said, in passing upon a motion for summary judgment: “We need not reach the question as to whether the twelve-month Statute of Limitations *672 was waived by the insurance company, but we deem it expedient to state that, although rather conclusory, the allegations in the appellant’s affidavit were sufficient to raise an issue requiring trial.” Implicit in this statement is a clear recognition of the proposition that the benefit of a standard short Statute of Limitations may be waived by an insurance company and that whether it was so waived may present a triable issue.
It is but a short and logical step to further declare that if by its conduct a company may waive any advantage accruing to it from a short Statute of Limitations, then it may also be estopped from relying on it when it fails to include in the policy a specific provision limiting the time of the insured for the commencement of an action; by failing to so warn the insured, the ordinary insured has no intimation that his time to sue has been limited.
In any event, the statute makes it incumbent upon the company to deliver to the policyholder a printed form of fire insurance which embodies the standard provisions stipulated in the statute, including the proviso limiting the commencement of an action to a 12-month period. (Insurance Law, § 168.) The insured has no duty or responsibility in this respect, and speaking realistically, has no reason to know of such a limitation. If the company, as in the case at bar, fails to provide him with a proper policy, one which complies with the statute, it should suffer the consequences of its neglect and not suddenly pull a trapdoor on the innocent insured who parted with the premiums.
This particular defendant asserts that as a result of a typographical error the stipulation for a short period of limitations was omitted from the policy under consideration. And there is not the slightest vestige of a reason to doubt its good faith. But if the short statute were to apply to every policy, even when as here it was not included in the policy, some companies might lapse into lax habits and omit the provision in the vague expectation that insured persons who had suffered losses would not consult counsel in time to initiate an action.
It is the considered view of this court that a period of limitation, so short as this, one sixth of the accepted time for the start of an action in contract, should not be imposed upon an insured without his knowledge (see, generally, in addition to cases hereinabove cited, Meehins v. Ætna Ins. Co., 231 N. C. 452; cases cited and discussed in Ann. 15 A. L. R. 2d 955-962; also, see, Insurance Co. of North, America v. Board of Educ., 196 F. 2d 901; Ann. 29 A. L. R. 2d 638 et seq.).
*673 Nor is this view weakened by the dicta in the cases on which the defendant herein relies. In Hamilton v. Royal Ins. Co. (156 N. Y. 327) the insured plaintiff did not cause process to be served within one year, and the defendant company pleaded the one-year statute which had been specifically written into the policy; in considering the narrow issue before it (viz., whether Code Civ. Pro., § 399, now Civ. Prac. Act, § 17, should be conjoined for consideration), the court did not need to consider what would have been the effect of the company’s failure to have included in the policy the short period of limitation. Nor was the court concerned with the possible application of an estoppel against the company. And regardless of the dicta that gives such comfort to the defendant, the net result of the decision was to extend the period of limitation for the benefit of the insured.
Similarly, reliance by the defendant upon Hicks v. British America Assur. Co. (162 N. Y. 284) appears to be misplaced. There the court held that the standard provision for service by the insured of proofs of loss should be implied in an oral contract of fire insurance. In that case no policy of insurance had been delivered and there was no written agreement of insurance. There was simply a verbal contract between the insured and an agent of the insurance company. As the court said (p. 288): “ The jury have found that the defendant’s agent said to Hicks, after a general discussion on the subject of insuring the property, ‘ you are insured from noon on the 30th day of December, 1893, to noon of December 30th, 1894. ’ ” In such circumstances it was obviously necessary for the court to ascertain the terms of insurance which were not reduced to writing and which were not even orally discussed except as to the sum for which the property was to be insured, the amount of premiums and the period of insurance ” (p. 289). The terms of insurance which the court concluded that the parties had impliedly assumed were those provided by statute for standard contracts of insurance. This was a reasonable and indeed a necessary result. Broad and general statements which the court there made should not be applied to a dissimilar set of facts. There, too, the court did not deal with questions of waiver or estoppel except to find that there was in fact no waiver by the defendant insurance company (pp. 295-296), thus impliedly indicating that it was competent for the insurance company to waive the benefit of the statutory provision.
Bakker v. Ætna Life Ins. Co. (264 N. Y. 150) also stressed by the defendant, involved a policy of liability insurance which *674 limited the liability of the insurer to cases where the owner was drivng or was present in the car at the time of the accident for which he was held responsible in damages. This provision in the policy was in derogation of section 109 of the Insurance Law (L. 1924, ch. 639) which requires provision for coverage in the event of liability occurring as a result of ‘1 the operation of such motor vehicle, in the business of ” the insured “ owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner ’ ’. The same statute also provides: “A policy issued in violation of this section shall, nevertheless, be held valid but be deemed to include the provisions required by this section”.
The view of the court (which divided four to two, one Judge not sitting) was thus stated: ‘1 When the owner takes out a liability policy, no matter how limited as to coverage, the provisions of section 109 are a part of the contract ” (pp. 152-153). This statement is to be read in connection with the facts of that particular case. There, too, the court construed the policy for the benefit of the insured and had no reason to consider the invoking of an estoppel against the insurance company.
The question of invoking estoppel against insurers has been considered in other jurisdictions. In Mercer v. Germania Fire Ins. Co. (88 Ore. 410, 413) the court said: “It was not the intention of the legislature when it enacted the statute defining the form of an insurance policy to relieve insurance companies from those estoppels in pais which are essential to fair dealing in the business world. Notwithstanding this legislation an insurer may still estop itself from relying on one or more of the defenses reserved to it in the standard policy: 1 Clement on Fire Insurance, 409, 410; Welch v. Fire Assn., 120 Wis. 456 (98 N. W. 227); Kimball v. Horticultural Fire Relief, 79 Or. 133, 140, 141 (154 Pac. 578).”
In North River Ins. Co. v. Belcher (155 Va. 588, 603-605) the court said:
“ The act of 1928, entitled ‘ an act to prescribe the form and require the use of a standard fire insurance policy in the State of Virginia ’ (Act 1928, pages 753-776, chapter 256, section 4305a, 1928 Supp. Va. Code), has not abrogated the application of the rule of estoppel above stated. Mercer v. Germania Fire Ins. Co., 88 Or. 410, 171 P. 412, construing chapter 175, General Laws of Oregon, 1911, page 279, which is very similar to the Virginia act of 1928; Gregerson v. Phenix Fire Ins. Co., 99 Wash. 639, 170 Pac. 331, L. R. A. 1918E, 521; Gazzan v. Germania Union F. Ins. Co., 155 N. C. 330, 71 S. E. 434, Ann. Cas. 1912C, 362; Leisen v. St. Paul F. & M. Ins. Co., 20 N. D. *675 316, 127 N. W. 837, 30 L. R. A. (N. S.) 539; Farley v. Spring Garden Ins. Co., 148 Wis. 622, 134 N. W. 1054.
“ Said act first establishes what is known as the New York Standard Policy as the ‘ standard fire insurance policy of the State of Virginia, ’ and requires its use. It then provides as follows:
“ ‘And no other or different provision, agreement, condition or clause shall be in any manner made a part of such contract or policy or endorsed thereon or added thereto, or delivered therewith, except as follows ’ (here follow in paragraphs headed ‘ First ’ and ‘ Second ’ certain exceptions, which are here immaterial, and then the act proceeds): * * *
“ The fact that by said act the New York Standard Policy is established as the standard policy for use in Virginia, and its use is thereby required, in no way changes the effect of the policy, nor does it abrogate or modify the rules of law or construction applicable thereto; and the provisions of the act above quoted have no application to estoppels, such as this, which arise in law because essential to fair dealing.
“ The purpose of the General Assembly in passing the act of 1928 prescribing a standard policy, and requiring its use, was to assure in all cases a fair and equitable contract of insurance between the parties, and not to cut off estoppels designed to prevent fraud or imposition, which had theretofore been enforced by the courts in cases in which the policy in question contained the same provisions as those which are contained in the standard policy prescribed by this act.”
The defendant here is estopped from relying upon the one-year Statute of Limitations.
The defendant’s motion for summary judgment is denied.
The plaintiff’s motion for summary judgment is also denied (Brooklyn Clothing Corp. v. Fidelity-Phenix Fire Ins. Co., 205 App. Div. 743; Segal v. National City Bank of N. Y., 269 App. Div. 986, and cases cited therein; Warren v. Commercial Travelers Mut. Acc. Assn. of America, 271 App. Div. 989; Suslensky v. Metropolitan Life Ins. Co., 180 Misc. 624, affd. 267 App. Div. 812; Firemen’s Ins. Co. of Newark v. Schustrin, 65 N. Y. S. 2d 83, affd. 272 App. Div. 803; Moss & Bro. v. Universal Ins. Co., 65 N. Y. S. 2d 82).
Orders signed.