Frank A. Gulotta, J.
This is a motion for summary judgment by the defendant in an action on a casualty insurance policy because of the failure to commence the action within one year from the occurrence of windstorm damage. The storm took place on March 21, 1958, and the action was commenced on June 26, 1959.
The policy provides: 1 ‘ No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with and unless commenced within twelve months next after inception of the loss. ’ ’
The plaintiff claims that the defendant waived the right to enforce the short Statute of Limitations contained in the policy because it failed to notify plaintiff of its decision not to pay plaintiff’s claim after plaintiff’s examination under oath was concluded on October 7, 1958.
The law is settled that this does not constitute a waiver and that there must be such conduct on the part of an insurer which deceives the assured so that he sleeps on his rights, in the nature of an estoppel, before he is excused from complying with a limitation such as this. (Allen v. Dutchess County Mutual Ins. Co., 95 App. Div. 86.)
*291 However there is another point which is not developed in the papers but which, from the pleadings, is nevertheless present in the case.
It will be noted that this policy limits the bringing of an action to “ within twelve months next after inception of the loss ”. The cases make a distinction between this type of limitation and one where the time runs from the happening of the event itself, such as a fire. In the latter case the time commences concurrently with the fire (Allen v. Dutchess, supra), but in the former our courts have construed that the time does not commence to run until the lapse of 60 days after proof of loss is filed, since during this period under the terms of the policy, no action may be brought. (Steen v. Niagara Fire Ins. Co., 89 N. Y. 315, 321.) There is such a provision in the policy in the instant case. In the Steen case the limitation of action clause considered read “ (within) 12 months next after the loss or damage shall occur ”. It was held that the time did not start to run until the assured had a right to sue. In other words, the court said, the parties cannot be presumed to have suspended the right to bring an action by one clause and at the same time provided for the running of the period of limitations by another clause. Without discussing this latter point the Appellate Division in the First Department appears to have come to the opposite conclusion in Margulies v. Quaker City Fire & Marine Ins. Co. (276 App. Div. 695), holding that “ inception of loss ” is more like “ after the fire ” of the Allen case than it is like “ after the loss ” of the Steen case, and denied all recovery.
My own inclination would be the other way. The Margulies case places stress upon the fact that section 172 of the Insurance Law requires the insurance company to demand proof of loss in writing and to furnish suitable blank forms in order to start the 60-day time limit for filing a proof of loss running. The opinion comments that this was enacted for the purpose of protecting the insured. Yet it seems to have been used in that case to achieve the opposite result. It strikes me as highly unrealistic to expect a layman confronted with a policy which contains the provisions above quoted forbidding an action until the policy is complied with, and a further requirement that he file proof of loss within 60 days, to know that section 172 of the Insurance Law makes the latter requirement inoperative unless the company furnishes him with blank forms, so that in fact the 12 months’ limitation is running against him. Apparently this is so even though he does not receive the forms until after the 12 months have passed. Of what use is the extension of one’s time *292 to file a proof of loss if he is not given the corresponding extension of time to sue? However, in view of this square holding to the contrary by an appellate court on exactly the same phrasing, I feel constrained to follow it.
The motion is granted. Short-form order signed.