■ SKYLARK ENTERPRISES INC., Appellant, v. AMERICAN CENTRAL INSURANCE Co., Respondent.— In an action, pursuant to the extended coverage provisions of a New York State standard fire insurance policy, to recover damages

allegedly resulting from the destruction of a building by a windstorm, the plaintiff appeals from an order of the Supreme Court, Nassau County, dated April 29, 1960, which granted the defendant's motion pursuant to rule 113 of the Rules of Civil Practice and section 476 of the Civil Practice Act, for summary judgment dismissing the complaint. Order affirmed, with $10 costs and disbursements. Pursuant to section 168 of the Insurance Law the policy provided that " No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with and unless commenced within twelve months next after inception of the loss." On March 21, 1958, the building insured was destroyed by an alleged windstorm. The plaintiff gave immediate notice to the defendant, and plaintiff filed written proof of loss within 60 days after the destruction. Pursuant to a provision in the policy requiring the insured to appear for examination under oath, the defendant requested plaintiff's officer to appear for examination on June 30, 1958. At defendant's request said examination was adjourned to October 7, 1958, and the examination was held on that date. The action was instituted on June 26, 1959. The motion for summary judgment was made on the ground that the action was not timely commenced. In our opinion, the action was not timely commenced (*Margulies v. Quaker City Fire & Marine Ins. Co.*, 276 App. Div. 695; *Fox v. New York Fire Ins. Co.*, 241 App. Div. 885; Civ. Prac. Act, § 10, subd. 1). Under the circumstances here, the defendant did not waive the period of limitation prescribed in the policy and was not estopped from raising such limitation as a defense (*Allen v. Dutchess County Mut. Ins. Co.*, 95 App. Div. 86; *Palazzola v. Pennsylvania Fire Ins. Co.*, 273 App. Div. 856; *Karl v. Concordia Fire Ins. Co.*, 276 App. Div. 971). Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur. [23 Misc 2d 290.]