Birdie Amsterdam, J.
Motions numbered 82, 83 and 84 are consolidated and disposed of herein. They are separate motions by each defendant insurance company for summary judgment dismissing the complaint on the ground that the suit is time-barred.
The action, instituted on August 7,1964, is to recover on three separate policies of insurance predicated on a claim of loss by theft or mysterious disappearance of personal property.
The complaint alleges that during the period commencing on or about September, 1962 and up to October, 1962, plaintiff ascertained that certain items of personal property were missing. The complaint further alleges that in November, 1962, plaintiff was able to make a detailed inventory and ascertained the full extent of the loss which is the basis of this suit.
Two of the policies of insurance contained a clause requiring commencement of action within 12 months after discovery by the assured of the occurrence which gives rise to the claim, and the third policy within 12 months after inception of the loss. The action was commenced more than one year after discovery and ascertainment of the loss.
Plaintiff seeks to avoid dismissal of the action on the theory of equitable estoppel. It is a familiar principle that “ when a *763 defendant electing to set up the statute of limitations has previously, by deception or any violation of duty towards plaintiff, caused him to subject his claim to the statutory bar, he must be charged with having wrongfully obtained an advantage which the court will not allow him to hold. ” (53 C. J. S. Limitations of Actions, § 25, pp. 963-964.)
The difficulty with plaintiff’s position is that the facts do not demonstrate a triable issue respecting an equitable estoppel as to deny the limitation bar to defendants. The creation of this estoppel is based mainly on the holding of plaintiff’s examination under oath on December 23,1963, after the limitation period had expired. This examination was initiated by a letter by the attorney for the defendants 1 ‘ Fidelity-Phenix ’ ’ and 1 ‘ The Continental ”, sent about July 24,1963, requesting plaintiff’s examination. It appears that the examination was held on December 23,1963, at the plaintiff’s convenience. It does not appear that defendant “ Norfolk ” was a participant in said examination.
In the circumstances herein, there is no waiver or estoppel. The defendants did nothing to mislead the plaintiff. All that was done was that an examination under oath was requested and ultimately held at plaintiff’s convenience.
The declaration of liability after expiration of the time to sue is not, without the presence of other factors, sufficient to create a waiver or even a question of fact as to a waiver (Skylark Enterprises v. American Cent. Ins. Co., 23 Misc 2d 290).
There is some mention, in plaintiff’s affidavit, of denial of possession of the policies and that they were in the possession of the local agent or broker in Vermont. However, in his verified complaint, plaintiff makes the following allegations with respect to the policies in suit; in paragraph fifth he alleges that on October 26,1959, defendant Norfolk and Dedham Mutual Fire Insurance Company duly executed and delivered to plaintiff the policy of insurance duly signed by its officers and agents thereunto duly authorized at Woodstock, Vermont; in paragraph eighth he alleges that on or about September 10,1962, the defendant Continental Insurance Company duly executed and delivered to plaintiff the policy of insurance duly signed by its officers and agents thereunto duly authorized at New York City, New York; and in paragraph tenth, he alleges that also on September 10, 1962, defendant Fidelity-Phenix Insurance Company duly executed and delivered to plaintiff the policy of insurance. Accordingly, the motions are granted.