Nicholas M. Pette, J.
This is an action for a judgment declaring defendant Stuyvesant Insurance Company (hereinafter : Stuyvesant) and defendant Motor Vehicle Accident Indemnification Corporation (hereinafter: MVAIC) liable to plaintiff.
On or about November 29, 1961, Stuyvesant issued an automobile liability insurance policy covering the vehicle owned by the plaintiff insured. Part III, Coverage D of the policy provides that the insured will ‘ ‘ pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called ‘ bodily injury, ’ sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.” An uninsured automobile is defined in Part III as: “ an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile ’ ’.
Thereafter, on January 16,1962, while plaintiff was operating the insured automobile, he sustained bodily injuries in an accident which occurred in New York City and which he alleges occurred solely as the result of the negligence of Leonard E. Wright and Owen Towson (who are not parties to this action) in the ownership and operation of their motor vehicle. There is no dispute that the policy was in effect on the date of the accident. By letter dated June 25,1962 and addressed to plaintiff’s attor *918 ney, Wright and Towson’s insurer disclaimed coverage for this accident.
On April 3, 1962 plaintiff’s attorney wrote to Stuyvesant, advising that plaintiff was still undergoing medical treatment and requesting instructions as to the procedure for handling his claim for medical payments under the medical payment provision of the Stuyvesant policy. On July 23, 1962, October 3,1962 and December 11, 1962, plaintiff wrote to Stuyvesant, advising of the possibility of a claim under Part III, Coverage D, of the policy.
It appears that none of the letters to Stuyvesant was acknowledged until December 14,1962, when Stuyvesant advised plaintiff by phone that it was not liable under Part III, Coverage D, and of the statutory recourse against the defendant MVAIC. By letter dated December 17, 1962, notice of claim was forwarded to MVAIC and this notice of claim was ultimately rejected as untimely.
Upon notice to both MVAIC and Stuyvesant and with MVAIC’s consent, plaintiff obtained a default judgment in the sum of $3,477.55 against Wright and Towson which was entered on January 17,1964.
The defendants sought to prove at the trial that the accident insurance policy when issued contained the New York Automobile Accident Indemnification Endorsement (MVAIC endorsement). Defendant Stuyvesant contended that the endorsement was annexed -to the policy along with a rider entitled ‘ ‘ limitation OF FAMILY PROTECTION COVERAGE-NEW YORK” which provided that: “ It is agreed that such insurance as is afforded by the policy or by any endorsement used therewith, other than the New York Automobile Accident Indemnification Coverage, with respect to damages which the insured shall become legally entitled to recover from the owner or operator of an uninsured automobile, does not apply to any accident occurring within the State of New York.” Defendant Stuyvesant also contended that even in the absence of such a clause, it was not liable under Part III, Coverage D.
Plaintiff contended and introduced testimony to the effect that the MVAIC endorsement and limitation of family protection coverage provision were not annexed to the policy. Plaintiff also contended that in the absence of a limitation of family protection clause, defendant Stuyvesant is liable under the provision of Part III, Coverage D, quoted above.
Defendant MVAIC contends that it was justified in rejecting plaintiff’s notice of claim because plaintiff failed to comply with the provision of the MVAIC endorsement which states: *919 ‘ ‘ Within 90 days or as soon as practicable, the insured or other person making claim shall give to MVAIC written notice of claim under this endorsement.”
At the outset this court finds, after a careful consideration of all the testimony, that the MVAIC endorsement and the provision for “ LIMITATION OF FAMILY PROTECTION COVERAGE ” Were
not annexed to the policy delivered to the insured. Even so, the defendant Stuyvesant is not liable to plaintiff under Part III, Coverage D, of the policy. The term “ uninsured automobile ” is defined therein as: “ an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy applicable at the time of the accident ”. (Emphasis supplied.)
As was stated in Matter of Berman (Travelers Ind. Co.) (11 Misc 2d 291, 292-293) by the court which construed a similar provision: “ It thus appears that, giving to the insured to whom this indorsement was issued, the benefit of any ambiguity which could possibly be contained in such language, the clause merely granted to said insured the benefit of insurance if he was injured in an accident with an automobile which at the time of the accident did not have liability insurance. The situation does not cover the contingency such as is here being presented, where there was insurance in existence on the day of the accident but where the insurance company, for reasons satisfactory to itself, thereafter contended that it was not liable upon its contract because of a breach thereof by its own insured.”
This result was also reached in Rosen v. United States Fid. & Guar. Co. (23 A D 2d 335) and Matter of American Nat. Fire ins. Co. (McCormack) (15 Misc 2d 692). It was to remedy such gaps in coverage that MVAIC was enacted. Accordingly, this court declares that defendant Stuyvesant is not liable to plaintiff on the insurance policy in question.
The question presented by the claim against MVAIC is one of novel impression. That question is whether an insured who receives a policy in which the MVAIC endorsement is inadvertently omitted is bound by the notice requirements of that endorsement.
Subdivision 2-a of section 167 of the Insurance Law provides that every policy of insurance must contain the clauses enumerated in subdivision 2-a of section 167 and that ‘Any such policy which does not contain the aforesaid provision shall be construed as if such condition were embodied therein.” The provision requiring notice to be given by an insured person to MVAIC is not enumerated in the statute and is contained only in the endorsement. MVAIC, however, contends that plaintiff *920 was bound to comply with the terms of the endorsement of which it had no knowledge. This court does not agree.
In Conte v. Yorkshire Ins. Co. (5 Misc 2d 670), an action by an insured under a fire insurance policy to recover the amount of an alleged fire loss, the insurer asserted the defense that the action was barred by the one-year Statute of Limitations contained in the standard form fire insurance policy described by section 168 of the Insurance Law. That provision, however, was omitted from the policy issued to the plaintiff. The court held the defendant estopped from relying on the short Statute of Limitations applicable to standard fire insurance policies and which it noted would have been available as a defense if the policy had included the necessary provision. The court stated at page 672: “ If the company, as in the case at bar, fails to provide him with a proper policy, one which complies with the statute, it should suffer the consequences of its neglect and not suddenly pull a trapdoor on the innocent insured who parted with the premiums. * * * But if the short statute were to apply to every policy, even when as here it was not included in the policy, some companies might lapse into lax habits and omit the provision in the vague expectation that insured persons who had suffered losses would not consult counsel in time to initiate an action.”
The Conte case (siipra) stands for the proposition that even where the term of an insurance policy is prescribed and identified in a statute, if such provision is omitted from a policy the insured is not bound by it. In the case before us, the notice requirement is not contained in any statute and, under the circumstances, the court holds that the insured, while entitled to the benefits of MYAIC’s protection provided in subdivision 2-a of section 167, is not saddled with the burdens contained in the endorsement which was not annexed to the policy.
In any event, even if we were to say that the insured was bound by the notice provision of the endorsement, under the circumstances notice was given here “ as soon as practicable ”. It is well settled that the phrase “as soon as practicable” requires that notice be given within a reasonable time under all the circumstances (Deso v. London Lancashire Ind. Co., 3 N Y 2d 127) and that the burden of proving that any delay in giving notice was reasonable is upon the insured. (Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302.) Whether or not notice has been given within a reasonable time depends upon a determination of the diligence of the claimant and is in most cases a factual issue. (Matter of Stroud [MVAIC], 13 A D 2d 757.) It has been held, however, that such a factual issue is created by delay *921 on the part of an insured in giving notice which is excusable where there is a justifiable lack of knowledge of the accident or of the fact that there was insurance coverage. (Gluck v. London & Lancashire Co., 2 N Y 2d 953.) This court is of the opinion that the situation at bar is analogous to that contained in the Gluck case in that, once the plaintiff was apprised of his rights under the MVAIC provision, he presented his notice of claim within a reasonable time. The court so finds because at the time of the accident MVAIC was a relatively new body with which the Bar was generally unfamiliar. (See Matter of Frey v. MVAIC, 9 N Y 2d 849.)
Accordingly defendant MVAIC is directed to accept the notice of claim, and judgment is declared in plaintiff’s favor against MVAIC to the extent indicated.