Jack Stanislaw, J.
An insured, plaintiff Guilekas, is suing Ms insurance company upon a loss he sustained which has not been paid. He moves to strike the affirmative defense of the defendant Excelsior Insurance Company based upon his failure to commence this action within 12 months after inception of the loss. That limitation is written right into the policy and Excelsior not only opposes the motion but cross-moves for summary judgment dismissing the complaint by reason of Guilekas ’ failure to sue within the time specified. There is no question but that the insurance policy provides for a 12-month period within which to bring an action and that this action was not so initiated.
Plaintiff’s argument is that, notwithstanding the policy provision, section 172 of the Insurance Law requires that an insurer notify its insured in writing of its desire that proofs of loss, as furnished, be filed. Excelsior did not give Guilekas any notice regarding proofs of loss and thus the contractual time limitation is said to be unavailable as a defense. On the other hand, defendant takes the position that the tender of proofs of loss has nothing whatsoever to do with the measurement of the policy time limitation.
The period commences to run from the time of the insured loss (Proc v. Home Ins. Co., 17 N Y 2d 239). Was that period nevertheless suspended because defendant failed to demand proofs of loss? Unless it was the action is patently untimely and must be dismissed upon the cross motion.
Guilekas’ contention is almost, if not exactly, identical to that propounded by the insured in Fotochrome v. American Ins. Co. (26 A D 2d 634). There, the Second Department considered the insurer’s failure to require proofs of loss and held that that was insufficient to prevent an effective assertion of the limitation provision of the policy. The commencement of an action on the policy must be within the stated 12-month period whether proofs of loss are furnished and filed or not (Skylark Enterprises v. American Cent. Ins. Co., 13 A D 2d 707; Dubins v. Boston Ins. Co., 26 A D 2d 863), unless substantive waiver or estoppel, as opposed to a simple failure to require proofs of loss per se, is established (Proc v. Home Ins. Co., 17 N Y 2d 239, 245, supra).
*225 In the absence of any indication that defendant waived the 12-month limitation or is estopped from asserting it the conceded tardiness of this action makes its dismissal inevitable. The plaintiff’s motion is denied and the cross motion is granted.