**Irving KAHN, Plaintiff,**

v.

**LUMBERMENS MUTUAL CASUALTY CO., and Tinker National Bank, Defendants.**

**No. 66 C 224.**

United States District Court
E. D. New York.

Dec. 5, 1968.

---

* Fed.Cas.No.7,345—D.C.S.D.N.Y.1845.

Cruser & Hills, Riverhead, N. Y., for plaintiff; Edgar Hills, Riverhead, N. Y., of counsel.

Max J. Gwertzman, New York City, for defendant, Lumbermens Mutual Casualty Co.; Saul Goldstein, New York City, of counsel.

TRAVIA, District Judge.

This is a motion for summary judgment by defendant Lumbermens Mutual Casualty Co. (Lumbermens) on the grounds that suit was brought after the applicable time limitation had expired.

Plaintiff brings his claim as an assignee of the proceeds due on a binder of insurance between Lumbermens and ECCO Equipment Corp. (ECCO), the assignment being made on February 1, 1965.

For the purposes of this motion only, defendant Lumbermens concedes that a 60 day binder of insurance was issued by it to ECCO on September 23, 1964.

The crucial dates are as follows:

September 25, 1964—A fire occurred allegedly damaging property insured under the binder;

November 25, 1964—Notice of loss was sent to Lumbermens;

November 30, 1964—A non-waiver agreement between Lumbermens and ECCO was executed;

December 4, 1964—Plaintiff, representing ECCO, writes to Lumbermens about the matter in question;

May 18, 1965—A proof of loss was submitted to Lumbermens, this being the last contact between the parties until suit was brought;

February 25, 1966—Suit was instituted.

Lumbermens asks for summary judgment on the grounds that the September 23, 1964 binder automatically embodied in it, as a matter of law, the terms and conditions of the standard policy of fire insurance of the State of New York, one term of which provides that all actions on the policy must be commenced within one year following the loss. The loss occurred on September 25, 1964, and plaintiff's suit, commenced on February 25, 1966, more than one year after the loss, is time-barred, Lumbermens asserts.

Plaintiff, in opposition to the motion, first argues that the binder does not, by reason of its terms, embody the provisions of the standard fire insurance policy but rather provides that the risk set forth in the binder constitutes a risk assumed by Lumbermens "until the issuance of its Standard Policy in place thereof." Thus, until a standard policy had been issued, the plaintiff had the right to rely upon the terms of the binder. As the suit was brought under the binder—no policy of insurance ever having been issued—the provisions of

any subsequent policy that might have been issued do not control, and there was no limitations clause in the binder itself. In short, Lumbermens assumed a risk on the binder and was required to pay any loss pursuant to the terms of the binder, which never contained any limitation period, and was never replaced by a policy that did.

█ This contention has no basis in law. § 168(3) of the New York Insurance Law, McKinney's Consol.Laws, c. 28, clearly provides that:

> Binders or other contracts for temporary insurance may be made, orally or in writing, for a period which shall not exceed sixty days, and shall be deemed to include all the terms of such standard fire insurance policy and all such applicable endorsements, approved by the superintendent, as may be designated in such contract of temporary insurance * * *.

Thus, as the Courts of Appeals stated in Hicks v. British America Assurance Co., 162 N.Y. 284, 288, 56 N.E. 743, 744 48 L.R.A. 424 (1900):

> This contract of insurance, although verbal, embraced within it the provisions of the standard policy of fire insurance, which the legislature in its wisdom formulated for the protection of both insured and insurer. It is usual for the company to issue a policy of insurance evidencing the contract between the parties; but the policy accomplishes nothing more than that, for, when the contract is entered into between the agent and the owner, *whether the binder be verbal or in writing, it embodies within it the standard form of policy, and the contract is a completed one. * * * The law reads into the contract the standard policy, whether it be referred to in terms or not.* (emphasis added); accord, Hammond v. Insurance Co. of North America, 37 F.Supp. 674 (S.D. N.Y.) aff'd 118 F.2d 1013 (2d Cir. 1940).

One of the terms of the standard fire insurance policy set forth in § 168 of the Insurance Law provides that (lines 157–161):

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

There is no reason why this term of the standard policy should not be deemed to be incorporated into the binder. Plaintiff is mistaken in his belief that Conte v. Yorkshire Insurance Company of New York, 5 Misc.2d 670; 163 N.Y.S. 2d 28 (1957) is to the contrary. In that case summary judgment was denied to defendant despite the fact that the action had been brought more than one year after the inception of the loss. There had been omitted from the *written policy* (not a binder as in the instant case) delivered to plaintiff the provision as to a one-year limitation period. Defendant attributed the omission to a printer's error, but the court found that the defendant was estopped from asserting the omitted provision for:

> If the company, as in the case at bar, fails to provide [the insured] with a proper policy, one which complies with the statute, it should suffer the consequences of its neglect and not suddenly pull a trapdoor on the innocent insured who parted with the premiums. 5 Misc.2d at 672, 163 N.Y.S.2d at 30.

In short, the *Conte* case stands for the proposition that even where a term of an insurance policy is prescribed and identified in a statute, if the provision is omitted from the policy delivered to the insured, the insured is not bound by it. Timbone v. Stuyvesant Insurance Co., 51 Misc.2d 916, 920, 274 N.Y.S.2d 489, 493 (1966). But that this holding would not be applicable to the facts in the case at hand was recognized by the court in *Conte* itself, when discussing Hicks v. British America Assurance Co., supra:

> In that case no policy of insurance had been delivered and there was no written agreement of insurance. * * *

In such circumstances it was obviously necessary for the court to ascertain the terms of insurance which were not reduced to writing and which were not even orally discussed except as to the "sum for which the property was to be insured, the amount of premiums, and the period of insurance" * * *. The terms of insurance which the court concluded that the parties had impliedly assumed were those provided by statute for standard contracts of insurance. This was a reasonable and indeed a necessary result. (5 Misc.2d at 673, 163 N.Y.S.2d at 31).

It is thus apparent that the equities upon which the *Conte* decision was based are not present here. Rather, we have a situation much like that in Peters v. St. Paul Fire & Marine Insurance Co., 213 F.Supp. 441 (S.D.N.Y.1963), where a memorandum of insurance delivered to the insured omitted reference to a one-year period of limitation, but summary judgment was granted to the defendant, the court saying:

> * * * the memorandum contains no statement that it is incomplete; and it is of sufficient length and scope to convey the impression that in fact it does not contain all provisions, at least those of substance, set forth in the policy itself. In addition, the memorandum contains internal references to itself as "this policy".

Under certain circumstances, therefore, this memorandum may well be sufficiently misleading to a layman-insured to raise the possibility of estopping the issuing Company from asserting the limitation period. See Conte v. Yorkshire Ins. Co. of New York, 5 Misc.2d 670, 163 N.Y.S.2d 28 (1957) (omission of mention of limitation period in policy held to estop company from enforcing it). But in this case plaintiff engaged counsel to act on her behalf within four months after the alleged loss. This retainer was made known to the Company when it received a letter from plaintiff's counsel, dated May 5, 1961, requesting settlement of the matter. This

relieved the Company of the equitable duty to come forward and specifically inform plaintiff of the existence of the limitation period provision. Advanced Methods, Inc., v. Grain Sealers Mutual Ins. Co., 274 F.2d 634 (7th Cir., 1960) ; Conte v. Yorkshire Ins. Co., supra, 5 Misc.2d p. 672, 163 N.Y.S.2d p. 30 (obiter dictum) (omission of mention of limitation period should work estoppel since otherwise an insured might "not consult counsel in time to initiate an action"). (p. 442)

Here, Mr. Kahn had been retained by the insured as early as December 4, 1964, even before the assignment of the claim to him, within *three months* of the fire, as evidenced by a letter from Kahn to Lumbermens (defendant's exhibit D to his affidavit).

Therefore, as a matter of law, the one-year period of limitation is deemed included in the binder of insurance upon which this suit is brought.

■ Kahn contends that even if the standard fire insurance contract is read into the binder, Lumbermens waived the limitation provision by its actions within the eight months after the fire, such as signing a non-waiver agreement and never rejecting the claim prior to the end of the twelve-month limitation period.

Thus, plaintiff is saying, in effect, that the signing of a non-waiver agreement on November 25, 1964, constituted a waiver by defendant of the limitation period, in that such a period did not begin to run until after defendant had rejected plaintiff's claim, an event which never occurred.

This argument is incorrect. While an insurer can waive rights despite the existence of a non-waiver clause, a non-waiver agreement by itself obviously cannot be said to constitute a waiver. While the agreement in question was intended to "save and preserve all the rights of all the parties" while the claim was being investigated, the agreement also specifically provided that it was to operate "without prejudice to any rights or

defenses which said party of the second part [Lumbermens] may have."

Even if this Court accepted all of the facts plaintiff alleges as true, there is no showing of any genuine issue that would defeat a claim for summary judgment by virtue of waiver or estoppel. Rather, as in Proc v. Home Insurance Co., 17 N.Y. 2d 239, 270 N.Y.S.2d 412, 416, 217 N.E. 2d 136 (1966):

> The record is persuasive that this is a case not of the defendant's lulling the plaintiff into a sense of false security, but of the latter's sleeping on his rights. (p. 416, 217 N.E.2d p. 140)

No showing has here been made of promises of payment or of inducements of any sort made by Lumbermens that would have prevented timely institution of the suit. In the letter from Lumbermens', underwriter, sent November 30, 1964, requesting an Examination under Oath, it was specifically spelled out that the underwriter, by the request "expressly reserves all of its rights and defenses under the said policy or binder of insurance." (Defendant's exhibit F–1).

Negotiations between defendant and plaintiff, such as were carried out, ended at the latest by May, 1965, when a proof of loss was sent to Lumbermens. In the four months remaining before the end of the one-year period of limitation, there were no contracts between plaintiff and Lumbermens. The cases are legion to the effect that silence does not constitute a waiver or estoppel, for "Although the defendants never intended to pay the amount of damages demanded, * * * they were under no obligation to communicate these views to the plaintiff." Proc v. Home Insurance Co., supra; accord, Skylark Enterprises, Inc. v. American Central Insurance Co., 23 Misc.2d 290, 201 N.Y.S.2d 174, aff'd 13 A.D.2d 707, 214 N.Y.S.2d 68 (1961); Allen v. Dutchess County Mutual Insurance Co., 95 A.D. 86, 88 N.Y.S. 530 (1904); Fotochrome, Inc. v. American Insurance Co., 26 A.D.2d 634, 272 N.Y.S. 2d 446 (1966).

In none of these cases did the courts find that facts were such as to deny summary judgment, for in none of them were there any indications that plaintiff was deceived, misled, or lulled into inactivity by the defendant's conduct.

What we have here appears to be a plaintiff attempting to find, with hindsight, an estoppel or waiver of the one-year limitation period which plaintiff ignored because he held the mistaken belief, as evidenced by his complaint, that the limitation period in the standard fire insurance policy was two years. Such a unilateral mistake on plaintiff's part cannot be enough to lead this Court to deny summary judgment.

There are no grounds for the assertion that there exists a triable issue of fact as to whether defendant had waived the one-year requirement for commencing an action, and whether by its conduct defendant is estopped from asserting the one-year limitation as a defense. Accordingly, summary judgment is granted.

So ordered.