Randall A. GODWIN and Betty J. Godwin, Appellants,

v.

The CONTINENTAL INSURANCE COMPANY, a corporation of the State of New York.

No. 18527.

United States Court of Appeals, Third Circuit.

Argued Sept. 30, 1970.

Decided Jan. 14, 1971.

Jacob Balick, Balick & Yucht, Wilmington, Del., for appellants.

William Prickett, Prickett, Ward, Burt & Sanders, Wilmington, Del., for appellee.

Before GANEY, VAN DUSEN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

GANEY, Circuit Judge.

This is an appeal by the plaintiffs from the granting of a motion for summary judgment to the defendant in the court below.

On May 13, 1965, the plaintiffs brought suit on a contract of insurance identified as a "Memorandum of Insurance" issued on February 5, 1961, insuring certain real estate and personal property of the plaintiffs located at Tower Shores, Sussex County, Delaware. The "Memorandum of Insurance," marked "Exhibit A," was attached to the complaint, which memorandum consisted of seven pages describing in great detail the coverage included therein and the cost of the premium thereof, and giving its expiration date as of February 5, 1966. At the bottom of the first page thereof, in a footnote, it was stated: "This is not a policy of insurance. It is a memorandum of the policy described herein at the date of issue hereof. * * *" The memorandum, however, contained no mention whatsoever of any period of one year as a limitation for bringing suit thereon. This we consider, in view of the detail otherwise disclosed in the memorandum, a critical omission, thus making it confusing and ambiguous to one unfamiliar with the complexities of a fire insurance policy. In view of its detail, one would feel that he certainly could rely upon the essentials of the insurance policy itself, and especially so since it recited in several places therein of the fact that the policy was attached, which was not so.

Although the agent for the defendant company, in an affidavit, testified that he issued Policy of Insurance No. 276 to the appellants, they testified that no insurance policy was given to them by the agent, C. L. McCabe & Son, that it was never in their possession, its availability never disclosed to them and that they had never even seen such a policy, although the "Memorandum of Insurance" given them resembled in itself every evidence of a policy of insurance.

The complaint, dated May 12, 1965, alleged that on June 24, 1962, a violent windstorm damaged the plaintiffs' property in the amount of $34,506.71, while the contract of insurance was in force; that notice was given to C. L. McCabe & Son, Inc., agent for the appellee, on the same day; that on the next day, Clay D. McCabe of C. L. McCabe & Son, Inc., and L. W. Bothum of the General Adjustment Bureau, gave the plaintiffs authority on behalf of the appellee to commence salvage operations and repairs to the damaged property and to submit bills therefor; that plaintiffs made repeated demands upon the defendant for payment of the amount due under the contract of insurance, but received no portion of said amount and demanded judgment in the sum of $34,506.71.

Defendant filed an answer in which it denied that the "Memorandum of Insurance" was the policy or contract of insurance between the parties; further, that Clay D. McCabe of C. L. McCabe & Son, Inc., and L. W. Bothum of General Adjustment Bureau were not agents of the appellee nor did they have authority to authorize the plaintiffs to commence salvage operations and repairs to the damaged property; and by way of affirmative defense, alleged that the action in suit was barred by failure of the plaintiffs to commence the action within one year of the date of the loss, as set forth in the policy of insurance issued to them. However, Clay McCabe and L. W. Bothum acted in all respects as agents of the defendant company in that when the loss was reported to them, both McCabe and Bothum, who was representing the General Adjustment Bureau for the company, directed the plaintiffs to make whatever repairs were necessary and send the bills to the company. Repeated negotiations which took place over several months were handled by McCabe and Bothum, which required, on several occasions, different proofs of loss to be submitted and the remaking of various bills for the loss.

After the appellants had furnished these bills and received no response,

they contacted McCabe and the General Adjustment Bureau then sent a contractor to estimate the damage which had occurred. However, some ten months later, the company notified the appellants it would be necessary for them to give an itemized list of furniture destroyed, for which no request by it had previously been made. In order to so do, the appellants had to go to a trash dump where they had taken the furniture a few months before and retrieve it. They then showed it to the company's representative.

Further delay ensued when one Bothum, the General Adjustment Bureau agent, died, and, finally, early in June of 1963, having received no check for the amount of their damages, the appellants retained counsel who set up an appointment with the appellee-company for a meeting on June 21st, or 22nd, in Baltimore, when the parties were to discuss settlement. However, prior to the date of the appointment, Mr. Schmid of the appellee-company cancelled the same and postponed it until June 28th, 1963, four days after the expiration of the one year limitation alleged to be in the policy for the bringing of suit, and at which time Schmid advised appellants' counsel that since suit had not been brought within a year, the appellants had no claim against the company. Counsel for the appellants then advised them to return to Delaware, and retain an attorney there to bring suit since he was located in Baltimore, Maryland.

Appellants consulted several attorneys, including one Warrington, who became ill, and advised the plaintiffs in December, 1963, to sign a non-waiver agreement which provided that in the event of further negotiations, they would not be barred from asserting any defense which they had previously made. After consulting two or three more lawyers, the appellants finally brought suit on May 12, 1965.

The lower court, in its opinion granting the defendant's motion for summary judgment, 306 F.Supp. 238, did so on the basis that, while the company may have been estopped from asserting the bar of a one year limitation contained in the policy of insurance on the possible ground of estoppel as a result of the delay in negotiations which may have lulled the appellants into the belief that a settlement was certain and postponing a date for such settlement until four days after the one year limitation had run, it nevertheless held that from the date of June 28, 1963, when the appellants were orally told by the defendant-company, for the first time, that their claim was then barred by the one year statute of limitations in the policy, the defendant-company had done nothing in the ensuing period of more than two years which could be in any wise construed as preventing the plaintiffs from bringing their action and that their long delay in bringing it on May 12, 1965, was an unreasonable one and a bar to their action.

With this holding, we are in disagreement. We do not believe that it can be determined on this record whether a specific policy of insurance with a one year limitation clause for bringing suit was ever issued to the appellants, since this was denied by them, and, therefore, should require submission to a jury. We predicate this holding on the following facts of record: (1) The appellants never had in their possession, nor ever saw, such a policy of insurance; (2) The only contract of insurance they ever had was a memorandum which, while most detailed in its description of coverage under it—some seven pages, as adverted to heretofore—contained no mention of an essential factor thereof, that is, a one year limitation clause for bringing suit; (3) The memorandum recited that the policy was attached thereto, but examination revealed that it was not so attached; (4) In its answer, the defendant, while reciting the one year limitation, did not attach a copy of the policy allegedly containing it; (5) The burden of proof asserting the limitation clause in the policy was upon the defendant and it had a duty, in our view of the circumstances surrounding the

telling of the appellants on June 28, 1963, that they were barred by a limitation of one year in a policy, to produce the policy at that time to the appellants. This is accentuated by the fact that only at this late date did they deny liability, as up until that time there had only been the question of what the amount of the damages would be. (6) The affidavits filed by the defendant-company do not allege that the policy was lost as of June 28, 1963, when appellants were orally told of the limitation clause, but they do speak of its unavailability in September and October, 1969. (It is noted that suit was brought by the appellants on May 12, 1965.)

Additionally, they do not speak of a copy or any other record of a policy's existence and, while the affidavits state a policy of insurance was issued during 1961, and it contained a limitation clause based on their information that it was in accordance with the filings of the Insurance Commissioner of the State of Delaware, this was a matter of much controversy at argument. Accordingly, the court directed both counsel to advise it concerning the matter and shortly thereafter both counsel replied that after a searching investigation, they could find no statutes in the State of Delaware, nor any administrative ruling by the Commissioner of Insurance of the State of Delaware, which required the inclusion of a one year limitation clause in a policy of insurance issued during 1961.

Of interest is the case of Conte v. Yorkshire Insurance Company, 5 Misc.2d 670, 163 N.Y.S.2d 28 (1957), where the printer of the policy, in error, inadvertently omitted a provision for a one year limitation clause in a policy, which was required by the State of New York. The court held the company barred from pleading the twelve-month statute requirement, stating, at page 30: "The insured has no duty or responsibility * * * speaking realistically * * * to know of such a limitation. If the company, as in the case at bar, fails to provide him with the proper policy, one which complies with the statute, it should suffer the consequences of its neglect and not suddenly pull a trapdoor on the innocent insured who parted with the premiums."

In view of all these factors, we cannot say that there was an inescapable conclusion that a specific policy of insurance covering this limitation clause was ever issued to the appellants as a matter of law. On submission to a fact-finder, it should be determined whether such a policy was issued to the appellants containing a contractual period of limitation of one year and then it should decide whether or not, from the circumstances here related, an estoppel eventuated which would prevent the defendant from asserting the bar of a limitation clause of one year. If the fact-finder so decided, it should then determine whether, in the time which elapsed from July 28, 1963, to the date the appellants filed suit on May 12, 1965, anything additionally was done by the defendant which would bar it from asserting the one year limitation clause and whether the appellants' bringing of suit on May 12, 1965, was barred on the law applicable to the facts which are found by the fact-finder. If, on the other hand, it was found no such policy was ever issued to the appellants, the suit was then properly brought for the reason that it was within the three-year statutory period enacted by the State of Delaware.

Accordingly, considering the record in its entirety, while a policy may have been "issued" by the defendant company, it was never delivered to the appellants and no duty, in view of the "Memorandum," was imposed upon them to go to the company and demand one, and a genuine factual controversy here obtains. Rule 56(c) of the Federal Rules of Civil Procedure.

Therefore, the judgment of the lower court will be reversed and the case remanded to the district court with directions to proceed in accordance with this opinion.