Edward F. McLaughlin, J.
Defendant moves at Special Term for an order pursuant to CPLR 3211 (subd [a], par 5) dismissing the first cause of action set forth in plaintiffs’ complaint against defendant, General Accident Fire and Life Assurance Corp., on the ground that the action was not commenced within the time limited by section 168 of the Insurance Law.
This action was commenced by the service of a summons and complaint containing this cause of action upon defendants on September 23, 1976. Plaintiffs’ first cause of action seeks *844 recovery from defendant, General Accident Fire and Life Assurance Corp., of insurance proceeds allegedly due as a result of a boiler explosion on January 18, 1974, pursuant to a binder of insurance issued to plaintiffs by defendant on January 17, 1974. Plaintiffs’ second, cause of action against defendant, Niagara Mohawk Power Corp., is not the subject of nor in dispute on this motion.
Defendant, General Accident Fire and Life Assurance Corp., contends that plaintiffs’ first cause of action is controlled by subdivision 6 of section 168 (now subdivision 5) of the Insurance Law which provided at the time of the issuance of the binder in this case for a 12-month limitation from the date of loss for commencing action upon a standard fire policy.
Subdivision 3 of section 168 of the Insurance Law formerly provided that "[bjinders * * * orally or in writing * * * shall be deemed to include all the terms of such * * * fire * * * policy”. This section was repealed by chapter 509 of the Laws of 1970, which was prior to the date of issuance of the binder in this case.
Defendant contends that since the loss occurred on January 18, 1974 and the action was not commenced until September 23, 1976, the action is time-barred.
Plaintiffs contend that section 168 of the Insurance Law expressly pertains to a policy of fire insurance and has no pertinency to a boiler insurance policy. Plaintiffs further contend that boiler insurance must be treated differently than fire insurance under section 46 of the Insurance Law.
The insurance binder issued to plaintiffs on January 17, 1974 provides coverage for the following kinds of insurance: "Fire, ECE, VMM, Rents — O L & T — Boiler”. No time limit for commencing suit on the binder appears therein. However, the binder does provide that: "The Company hereby acknowledges itself bound to this risk in accordance with the terms, conditions and limitations of the policy of insurance in current use by the Company for the kind of insurance specifically ordered herein, and the insured accepts this Binder under such terms, conditions and limitations”.
Where suit is brought on a fire insurance claim under a binder, the 12-month time limitation of a standard fire insurance policy is construed to be contained therein. (Kahn v Lumbermens Mut. Cas. Co., 293 F Supp 985.)
The limitation in a standard fire policy requiring commence *845 ment of an action within 12 months of the fire was formerly held not to apply to binders or riders covering other insurance which insured against other losses such as those occasioned by lightning. (Forman v Home Ins. Co., 174 Misc 478.) In 1943, the Legislature, in an apparent attempt to standardize the time limits for bringing suit under a broad risk fire policy enacted a standard policy in which the words "after the ñre” were replaced by the words "after * * * the loss”. (L 1943, ch 671, § 1; emphasis supplied.) This change in wording has been thoroughly discussed by the Court of Appeals in Proc v Home Ins. Co. (17 NY2d 239, 244) and held to be "an unmistakable indication that the period of limitations encompassed every casualty insured against”. Thus, the 12-month limitation applicable to fire loss under a standard policy must also be held applicable to the boiler loss in question in this case.
The policy in effect at the time of the loss provides that no suit or action on the policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of the policy have been complied with and unless commenced within 12 months next after the inception of the loss.
Plaintiffs contend that should the court find the 12-month limitation to control, the case may not be dismissed because the insurer did not submit proof of loss forms to plaintiffs and that such submission is a condition precedent to the expiration of the 12-month time limitation. Plaintiffs, however, submit no law on this point. This court is of the opinion that the standard policy provisions contained in subdivision 6 of section 168 (now subdivision 5) of the Insurance Law when read together with section 172 mandate that the insured submit proof of loss to the carrier as a condition precedent to recovery on the policy and that the burden of submission is upon the insured (Proc v Home Ins Co., supra, p 243, citing Allen v Dutchess County Mut. Ins. Co., 95 App Div 86; see, also, Guilekas v Excelsior Ins. Co., 53 Misc 2d 223, and cases cited therein).
Based upon all of the foregoing, since the suit against General Accident Fire and Life Assurance Corp. was not commenced within 12 months after the loss, and since there is no claim of waiver or estoppel based on negotiations by the defendant insurance carrier, the motion to dismiss is granted.